**GARY R. SCOTT**
**AMANDA M. GUNDLACH**
HIRST APPLEGATE. P.C.
1720 Carey Avenue. Suite 200
P. O. Box 1083
Cheyenne. WY 82003
(T) 307-632-0541
Fax 307-632-4999

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TETON MILLWORK SALES, a Wyoming corporation, | } } } } | |
| Plaintiff, | } } | |
| vs. | } } | Civil No. 07-CV-014J |
| ROGER SCHLOSSBERG. | } } } | |
| Defendant. | } } | |

# DOCUMENTS REFERENCED IN DEFENDANT'S MOTION TO DISMISS

Defendant Roger Schlossberg, hereby files the following described documents which are referenced in his Motion to Dismiss Plaintiff's Complaint:

- Affidavit of Roger Schlossberg.

- Family Court Order of 22 October 2002.

- Family Court Order of 13 February 2003.

- Family Court Final Order of 2 September 2003.

- Family Court Order of 14 January 2004.

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue. Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- Family Court Order of 14 May 2004.

- Family Court Order of 15 November 2004.

- Circuit Court Order of 7 January 2005.

- Circuit Court Order of 26 July 2005.

Dated: 19 January 2007.

ROGER SCHLOSSBERG, Defendant

BY: _____
GARY R. SCOTT, #5-1939
HIRST APPLEGATE, P.C.
Attorneys for Defendant
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003
(307-632-0541

### *CERTIFICATE OF SERVICE*

I certify the foregoing *Documents Referenced in Defendant's Motion to Dismiss* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on ⎍⎍ January 2007, and that copies were served as follows:

C. M. Aron
Aron and Henning, LLP
1472 North 5th Street, Suite 201
Laramie, WY 82072

[ ✓ ] U.S. MAIL
[    ] FED EX
[    ] FAX
[    ] HAND DELIVERED
[    ] ELECTRONIC MAIL

_____
OF HIRST APPLEGATE, P.C.
Attorneys for Defendant

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

## AFFIDAVIT OF ROGER SCHLOSSBERG

The undersigned, Roger Schlossberg, being first duly sworn under the pain and penalties of perjury, does hereby depose and state as follows:

1. The undersigned is Roger Schlossberg, a resident of the State of Maryland maintaining business offices located at 134 West Washington Street, Hagerstown, Maryland 21740.

2. The undersigned is an attorney-at-law duly admitted to practice before the State and Federal courts of Maryland, West Virginia and the District of Columbia as well as the United States District Court for the Western District of Pennsylvania, the United States Court of Appeals for the Fourth Circuit, the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the District of Columbia Circuit, the United States Tax Court and the United States Supreme Court.

3. The practice of the undersigned commenced in 1977 and substantially is concentrated in the areas of creditors' rights and bankruptcy with a particular emphasis by the undersigned on his role as a trustee in bankruptcy and as a state court trustee or receiver. In the above regard, the undersigned has served since 1982 of a member of the standing panel of Chapter 7 Trustees for the United States Bankruptcy Court for the District of Maryland and has served also as a specially-appointed or elected trustee in cases under Chapters 7 and 11 of the Bankruptcy Code in the United States Bankruptcy Courts for the District of Maryland, the Northern District of West Virginia, the Western District of Pennsylvania, the District of Columbia and the Eastern District of Virginia. Further, the undersigned has served as a trustee or receiver on multiple occasions in the State Courts of Maryland and West Virginia.

4. By various Orders entered by the Family Court for Jefferson County, West Virginia in Civil Action No. 02-D-3 (In re: *The Marriage of Mary Palencar, Petitioner and Michael Palencar, Respondent)* the undersigned was appointed, first as Trustee, and subsequently as Special Receiver of the assets of the Respondent Michael Palencar. Acting at the behest of the Family Court, and as expressly directed and authorized in various Orders of that Court, the undersigned was "... vested with actual legal and equitable title to, and the right to obtain record title to and/or liens upon and/or actual physical custody and possession of, all of the assets of the said Michael Palencar (whether held by the said Michael Palencar, either alone or jointly with any other person or entity, in his own name or in the name of any alias including, *inter alia*, Michael Steven Leaf, or in the name of any other entity, including, *inter alia*, L.L. Poh Corporation and Teton Millwork Sales)...".

5. Acting pursuant to the express authority granted by the Family Court, the undersigned acted to locate and husband the assets of Mr. Palencar. In the course of those efforts, the undersigned learned of the apparent ownership by Mr. Palencar, in his own name or the names of others, of assets located in the State of Wyoming. The undersigned communicated via telephone, fax and United States mail with various individuals and financial institutions as well as the Postmaster for Laramie, Wyoming. In those communications, the undersigned advised of his

court-appointment and authority and provided to such persons copies of appropriate Court Orders evidencing his said authority. Said efforts ultimately resulted in the turnover to the undersigned of certain assets of Mr. Palencar maintained in those financial institutions. Further. the undersigned communicated with various professional persons located in Wyoming related to the ongoing efforts of the undersigned with respect to such property of Mr. Palencar as was located in Wyoming.

 6. At no time has the undersigned. acting either in his capacity as Trustee/Special Receiver in the referenced case, or in any other capacity or for any other purpose has the undersigned ever physically been present in the State of Wyoming.

 7. Following several months of extremely contentious litigation in the Family Court among Mr. Palencar. Mrs. Palencar and the Trustee/Special Receiver, the undersigned approached counsel for both of the parties and offered to act as a mediator in an effort to effect a final resolution with respect to the divorce proceedings between the Palencars which then had been at issue for over two years. Upon due consideration. both Mr. and Mrs. Palencar agreed to participate in such mediation and expressly agreed that the undersigned would act as mediator with regard thereto. On March 8. 2004, said mediation was convened in the offices of the undersigned located in Hagerstown, Maryland. Said mediation was attended by Mrs. Palencar and her counsel and by Mr. Palencar accompanied by his counsel, his father Joseph Palencar and an additional family friend and advisor. At the conclusion of day-long mediation which continued deep into the evening, a consensus was achieved through the efforts of the undersigned as mediator as to all issues between Mr. and Mrs. Palencar. Upon achieving said consensus. the undersigned mediator sought to commit the terms of the settlement agreement to a written Memorandum. Upon review with the parties of the exact terms of that proposed Memorandum including review of a routine clause waiving and releasing any and all claims of either party against the mediator. the undersigned was advised by counsel for Mr. Palencar (as well as by Michael Palencar and Joseph Palencar, individually) of their refusal to consent to the inclusion in any Settlement Agreement of such a provision for the protection of the mediator.

 8. Notwithstanding the refusal of Mr. Palencar to accede to that routine provision for the protection of the mediator, the undersigned nonetheless faithfully completed his duties as mediator and successfully concluded the mediation between Mr. and Mrs. Palencar. That mediated Settlement Agreement ultimately was presented to and approved by the Family Court and concluded the litigation of all domestic issues between Mr. and Mrs. Palencar. Pursuant to the express direction of the Family Court. the undersigned provided to the Court a complete accounting of all property administered by him during the pendency of the proceedings and returned all such property (less approved expenses) to counsel for Mr. Palencar.

9. The foregoing Affidavit is made upon the personal knowledge of the undersigned and the undersigned hereby affirmatively states that all of the contents thereof are true and correct.

Roger Schlossberg

STATE OF MARYLAND, WASHINGTON COUNTY, to-wit:

I HEREBY CERTIFY, that on this 17ᵗʰ day of January, 2007, before me, a Notary Public, in and for the State and County aforesaid, personally appeared Roger Schlossberg, personally known to me, and made oath in due form of law under the pain and penalties of perjury that the contents of the foregoing Affidavit are true and correct.

WITNESS my hand and Official Notarial Seal.

Notary Public

My Commission Expires: 6 | 1 | 09

JOANNA E. KEMMERER
Notary Public, Washington Co., MD
My Commission Expires: June 1, 2009

H:\Documents\2007\2007.01\schlossberg.affidavit.wpd

## CERTIFICATION OF CIRCUIT CLERK

## STATE OF WEST VIRGINIA, COUNTY OF JEFFERSON

Clerk's Office of the Circuit Court
Of Jefferson County,
At Charles Town, in said State,

I, PATRICIA A. NOLAND, Clerk of said Court, having by law the custody of the seal, and all papers, books, documents and papers of or pertaining to said court, hereby certify the paper hereto annexed to be a true copy appertaining to said Court, and on file and of record in said office, to-wit:

ORDER ENT 10/21/2002

IN RE: THE MARRIAGE/CHILDREN OF MARY PALENCAR, PETITIONER AND MICHAEL PALENCAR, RESPONDENT

CIVIL ACTION NUMBER 02-D-3

In attestation whereof I have
hereunto set my hand and affixed
the seal of said Court this January 12, 2007.

PATRICIA A. NOLAND, Clerk

By: _____
Deputy Clerk

October 22, 2002  Jefferson County Circuit Clerk

IN THE FAMILY COURT OF JEFFERSON COUNTY, WEST VIRGINIA

IN RE: THE MARRIAGE OF:

MARY PALENCAR,
　　　PETITIONER

AND

MICHAEL PALENCAR,
　　　RESPONDENT

**RECEIVED**
OCT 22 2002
JEFFERSON COUNTY
CIRCUIT COURT

CIVIL ACTION NO. 02-D-3

### ORDER

On this the 27th day of August, 2002, came Petitioner, in person, and by counsel, David P. Greenberg, and upon the appearance of the Respondent's counsel, F. Samuel Byrer and Margaret Oliver standing in for John C. Broderick, and no appearance of the Respondent; upon the various motions scheduled for this date.

Whereupon, the Court heard proffers of counsel for each of the motions:

1.　The Petitioner's motion is granted for Kenneth Apple, CPA, to attend the deposition of Respondent.

2.　The June 7, 2002, Order scheduled for this date the Petitioner's motion for the Court to appoint a trustee. It is ORDERED that the Court shall appoint a trustee who is both a licensed attorney in Maryland, and whose practice involves business litigation, and Petitioner recommends the Court appoint Roger Schlossberg, who is licensed to practice law in both West Virginia and Maryland.

It is accordingly ADJUDGED and ORDERED that *Roger Schlossberg* is hereby appointed as trustee to take possession and control of Respondent's assets so that such assets can be forthcoming to meet any Order that is made in this action.

It is further ORDERED and ADJUDGED that the Respondent shall forthwith post a

October 22, 2002   Jefferson County Circuit Clerk

$50,000.00 cash bond with the Clerk of this Court as security to comply with the Orders of this Court.

It is further ORDERED and ADJUDGED that attorneys Margaret Oliver and /or John C. Broderick will advise the Court if they maintained a copy of the check in the sum of $15,000.00 paid to them by the Respondent, and if so, the Court will set a later hearing to determine if Petitioner's counsel shall receive a copy of the check.

It is further ORDERED and ADJUDGED that the Court review Respondent's legal billing, and the Court upon reviewing said billing will determine whether the $5,100.00 Respondent still owes attorney John C. Broderick, if paid, should be placed in an escrow account pending further decision by the Court.

It is further ORDERED and ADJUDGED that this matter shall come on for further hearing on November 7, 2002, at 2 p.m.

The Court notes the objection of each party to all adverse rulings.

The Clerk shall enter the foregoing as of the day and date first hereinabove written and shall provide attested copies to David P. Greenberg, F. Samuel Byrer, John C. Broderick, and the Respondent, Michael Palencar, at his address of 230 Knottsville Road, Knottsville, Maryland, 21758, as well as to: Roger Schlossberg, Esq.
P.O. Box 4227
HAGERSTOWN, MD
21741-4227

William T. Wertman, Jr.   10-21-02
Family Court Judge

Attorney for Petitioner

Attorney for Respondent

A TRUE COPY
ATTEST:        PATRICIA A. NOLAND
CLERK, CIRCUIT COURT
JEFFERSON COUNTY, W.VA.

BY _____ Scott
DEPUTY CLERK

A TRUE COPY
ATTEST:
PATRICIA A. NOLAND
CLERK, CIRCUIT COURT
JEFFERSON COUNTY, W.VA.

BY _____
DEPUTY CLERK



## CERTIFICATION OF CIRCUIT CLERK

## STATE OF WEST VIRGINIA, COUNTY OF JEFFERSON

Clerk's Office of the Circuit Court
Of Jefferson County,
At Charles Town, in said State,

I, **PATRICIA A. NOLAND,** Clerk of said Court, having by law the custody of the seal, and all papers, books, documents and papers of or pertaining to said court, hereby certify the paper hereto annexed to be a true copy appertaining to said Court, and on file and of record in said office, to-wit:

ORDER ENT 02/13/2003

IN RE: THE MARRIAGE/CHILDREN OF MARY PALENCAR, PETITIONER AND MICHAEL PALENCAR, RESPONDENT

CIVIL ACTION NUMBER 02-D-3

In attestation whereof I have
hereunto set my hand and affixed
the seal of said Court this January 12, 2007.

PATRICIA A. NOLAND, Clerk

By: _____
Deputy Clerk

February 13, 2003  Jefferson County Circuit Clerk

IN THE FAMILY COURT OF JEFFERSON COUNTY, WEST VIRGINIA  RECEIVED

IN RE: THE MARRIAGE OF:

MARY PALENCAR,
PETITIONER

FEB 1 3 2003

JEFFERSON COUNTY
CIRCUIT COURT

AND                                                           CIVIL ACTION NO. 02-D-3

MICHAEL PALENCAR,
RESPONDENT

## ORDER

On this the 13th day of February, 2003, came the Petitioner, in person, and by counsel, David P. Greenberg, and upon no appearance this date of the Respondent; upon the Petitioner's initial motion to compel and sanctions served upon the Respondent under certificate of service dated October 25, 2002, upon the motion being set for hearing this date; upon the Petitioner's second motion to compel and sanctions scheduled for hearing this date; upon the Petitioner's motion to require payment for the cost of the addition to the former marital domicile as previously Ordered.

Whereupon, the Court placed Petitioner under oath and heard proffers of counsel, and the Court makes the following findings of fact:

(1)     that the March 12, 2002, Order granted the parties use of the West Virginia Rules of Civil Procedure concerning discovery:

(2)     that on September 4, 2002, the Petitioner's counsel served the Respondent with a notice of deposition scheduling the Respondent's deposition for September 25, 2002, at 10 a.m.;

(3)     that Respondent received the notice, and in fact, evidence that Respondent received the notice is Respondent's September 20, 2002, letter, (Petitioner's Exhibit 1) with

which the Respondent returned the notice to Petitioner;

(4)    that the Respondent indicated in his September 20, 2002, letter that he shall not

cooperate with the Court proceedings, specifically, the Respondent stated "I am not

going through a court battle. If you have me arrested for not showing up somewhere,

I will just sit around and smile at people."

(5)    that on September 25, 2002, Petitioner and her counsel, along with Ken Apple (by

Order of the Court permitted to attend the deposition) appeared for Respondent's

deposition, however, Respondent did not appear;  Petitioner incurred a charge of

$375.00 for attorney's fees for preparation and attendance of the deposition,  and

$103.00 for Court Reporter fees for the aborted deposition;

(6)    that the April 16, 2002, Order required that by May 30, 2002, the Respondent provide

a complete accounting of all assets, including liquid assets, that he had transferred,

sold or disbursed of from January 31, 2000, through the present;

(7)    that the Respondent has failed to provide said accounting;

(8)    that prior Orders of this Court set forth that the Respondent shall not sell, dispose,

destroy, alienate, secrete, dissipate or otherwise encumber any assets without the

express written permission of the other;

(9)    that the June 7, 2002, Order found that the Respondent violated the Order not to sell

or dispose of marital assets, when it was found that the Respondent sold real estate

for $93,120.00;

(10)   that the June 7, 2002, Order required the Respondent to provide the real estate

settlement proceeds (except for a certain amount set forth in the Order) to his counsel

for the money to be escrowed as decided between Respondent's counsel, F. Samuel

Byrer, and Petitioner's counsel, David P. Greenberg;

(11)  that the Respondent never tendered the proceeds from the sale of the real estate;

(12)  that by Order dated August 27, 2002, the Respondent was to post a $50,000.00 cash bond with the Clerk of this Court as security that he would comply with the Orders of this Court;

(13)  that Respondent has failed to post the $50,000.00 cash bond;

(14)  that on April 4, 2002, Petitioner served Respondent with Interrogatories and Request for Production of Documents;

(15)  that on May 31, 2002, the Respondent filed a Response to the Interrogatories and Request for Production of Documents that was totally inadequate, and as of this date has not been supplemented;

(16)  that the May 31, 2002, Response was inadequate for several reasons, including but not limited to, when requested

a)  as to all property that Respondent owned as of January 1, 2002, Respondent's response was that he was in the process of obtaining additional documents, and his response would be supplemented; however, Respondent has never supplemented the Responses;

b)  Interrogatory No. 6 requested Respondent to provide a list of all real and personal property owned as of the date of separation, Respondent's response were not complete, and he indicated that he would supplement;

c)  the documents that Respondent provided lacked any substance, and there has been no supplemental response;

d)  Respondent's response to ownership interest in various businesses was also

February 13, 2003 Jefferson County Circuit Clerk

totally insufficient to assess Respondent's interest in each business.

(17)   that the Respondent has totally failed to cooperate with discovery and provide

financial disclosure concerning his interest in various businesses, and the assets in

his control that are subject to equitable distribution, including an accounting of the

money and assets that he owned as of January 1, 2002;

(18)   that the Respondent has deliberately failed to disclose information that is required in

this proceeding;

(19)   that the April 16, 2002, Order allowed for marital assets to be utilized concerning the

remodeling of the addition that was in progress when the parties separated;

(20)   that Petitioner has paid the costs for the addition.

Wherefore, it is accordingly ADJUDGED and ORDERED as follows:

1.   The Respondent shall not be allowed to oppose any designated claims or defenses or

prohibit Petitioner from introducing any matter that she deems relevant to determine *foreclosure of Respondent to present any evidence on*

the value of the marital assets; *Alimony, child support, and*

*Suit money are denied, subject to reconsideration how*

2.   The Trustee, Roger Schlossberg, previously appointed herein shall seize any assets

that Respondent has an ownership interest therein to make them available to meet

any Order of equitable distribution, alimony, child support, attorney's fees, and suit

money to be entered herein;

3.   The Respondent's actions in this matter are contempt of court, and the it is hereby

ORDERED and ADJUDGED that the Sheriff of Jefferson County, West Virginia,

or other West Virginia law enforcement agency, shall apprehend the Respondent and

bring him before this Court;

4.   At the final hearing in this matter, the Court shall accept the Petitioner's statement as

February 13, 2003  Jefferson County Circuit Clerk

to the marital assets and proposed distribution, as accurate;

5. This matter shall come on for final hearing on the 15th day of May, 2003, at 1:00 o'clock P. .m.

The Clerk shall enter the foregoing as of the day and date first hereinabove written and shall provide attested copies to David P. Greenberg, and the Respondent, Michael Palencar, at his address Trustee of 230 Knoxville Lane, Knoxville Maryland, 21758, and upon the Special Commissioner, Roger Schlossberg, at his address of Schlossberg & DiGirolamo, P.O. Box 4227, Hagerstown, MD 21741.

WILLIAM T. WERTMAN, JR.
Family Court Judge

Attorney for Petitioner

A TRUE COPY
ATTEST:
PATRICIA A. NOLAND
CLERK, CIRCUIT COURT
JEFFERSON COUNTY, W.VA.
BY
DEPUTY CLERK

A TRUE COPY
ATTEST:
PATRICIA A. NOLAND
CLERK, CIRCUIT COURT
JEFFERSON COUNTY, W.VA.
BY
DEPUTY CLERK