**GARY R. SCOTT**
**AMANDA M. GUNDLACH**
HIRST APPLEGATE, P.C.
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003
(T) 307-632-0541
Fax 307-632-4999

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TETON MILLWORK SALES, a Wyoming corporation, | } } } | |
| Plaintiff, | } } | |
| vs. | } } } | Civil No. 07-CV-014J |
| ROGER SCHLOSSBERG, | } } | |
| Defendant. | } } | |

## *MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT*

### *BACKGROUND*

As can be gathered from Plaintiff's Complaint this case arises out of a divorce action instituted by Mary Palencar against Michael Palencar (Palencar) in the Family Court of Jefferson County, West Virginia, Civil Action No. 02-D-3. (the Divorce Proceedings). The Complaint alleges that Defendant Roger Schlossberg (Schlossberg) was appointed by the Family Court of Jefferson County (the Family Court) in the Divorce Proceedings as a trustee, and then subsequently as a special receiver. The Complaint

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

references Orders issued by the Family Court concerning the appointment of Schlossberg as receiver/special trustee, and the authority given to Schlossberg by the Family Court. It is alleged in the Complaint that Palencar owned 25% of Plaintiff Teton Millwork Sales (Teton), and that in January and February of 2004 Schlossberg made false representations to "agents and associates" of Teton in his attempts to take possession of assets of Palencar, which misrepresentations allegedly resulted in those agents providing to Schlossberg confidential and proprietary information concerning Teton. Teton asserts in its Complaint causes of action for abuse of process and for fraud. Copies of the Orders issued by the Family Court concerning Schlossberg are filed herewith. Those Orders show the following:

> Schlossberg was appointed by the Family Court as trustee in order to "take possession and control of Respondent's (Palencar) assets so that such assets can be forthcoming to meet any Order that is made in this action." (Order of 22 October 2002)

> Palencar failed and refused to show up for his deposition which had been properly noticed; Palencar failed to provide an accounting of his assets as had previously been ordered by the Family Court; Palencar sold assets in violation of a previous Order of the Family Court; Palencar failed to provide proceeds from a real estate transaction to his counsel as had previously been ordered by the Family Court; Palencar failed to post a $50,000 cash bond with the Clerk of the Family Court as had been ordered by that Court; Palencar failed to adequately respond to written discovery that had

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

2

been served upon him in the case: Palencar "totally failed to cooperate with discovery and provide financial disclosure; and Palencar failed to contribute to the cost of remodeling of the couple's home as had been ordered by the Family Court. (Order of 13 February 2003)

➢ Schlossberg was to "seize any assets that Respondent has an ownership interest therein to make them available to meet any Order of equitable distribution, alimony, child support, attorney's fees and suit money to be entered herein..." (Order of 13 February 2003)

➢ The contested divorce came on for final hearing before the Family Court on 15 May 2003, with Palencar failing and refusing to appear for that final hearing. The Family Court took and considered the evidence presented, and found, among other things, that Palencar had "willfully and knowingly violated Orders...". Judgment was entered related to the equitable distribution of the marital assets in favor of Petitioner Mary Palencar and against Palencar in the amount of $2,472,450.50. Mary Palencar was also granted relief related to the payment of spousal support, child support and attorney's fees. (Final Order of 2 September 2003)

➢ By the Final Order the Family Court retained jurisdiction for the entry of any future Orders as may be necessary concerning "custodial allocation, maintenance and support of the infant children born of the marriage, spousal support, enforcement of the equitable distribution award, and other provisions of this Order." The Family

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

3

Court further ordered that Schlossberg "shall continue to serve as Special Receiver for the purpose of seizing Respondent's assets, including any interest or assets he owns or maintains in any corporation, as well as assets in which he has disguised or hidden his ownership interest...". (Final Order of 2 September 2003, page 27)

➢ It was the intention of the Family Court that Schlossberg "be vested with the broadest possible powers of a Trustee or Receiver acting within the equitable power of this Court and the common law of this State to investigate the financial and other affairs of the Respondent Michael Palencar and to be vested with actual legal and equitable title to and the right to obtain record title to and/or liens upon and/or actual physical custody and possession of all assets of the Respondent Michael Palencar (whether held by said Respondent, either alone or jointly with any other person or entity, in his own name or in the name of any alias including, inter alia Michael Stephen Leaf, or in the name of any other entity, including, inter alia L.L. Poh Corporation and Teton Millwork Sales) as is required to satisfy by sale, liquidation or other execution the aforesaid Judgment and all of the other Orders heretofore entered in these proceedings and as hereafter may be entered with respect to the existing and prospective obligations herein of the said Respondent Michael Palencar." (Amended Order of 14 January 2004, page 2)

➢ The Family Court noted that certain assets of Palencar, including assets that may be held in the name of Teton Millwork Sales were apparently located outside the State

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

4

of West Virginia and the Family Court stated that its intention that Schlossberg was

to act outside the State of West Virginia and was authorized and directed to seek and

obtain such ancillary jurisdiction as may otherwise be available, and as may appear

appropriate. (Amended Order of 14 January 2004)

➢ At a hearing held 26 March 2004 the Family Court approved the Palencars' written

settlement agreement. At that time the Family Court retained jurisdiction "over any

and all claims asserted by either party or by any person or entity arising from or

related to the alleged performance or non-performance by Roger Schlossberg of his

duties as Trustee or as Special Receiver in this action". Schlossberg at that time was

ordered to pay over to Palencar all of the net funds remaining in Schlossberg's

custody or control, less the sum of $35,000, subject to further Order of the Family

Court." (Order of 7 May 2004)

➢ Subsequent to the Palencars' divorce settlement, Palencar filed a Petition for

Contempt against Schlossberg, which was heard by the Family Court on 4 November

2004. The Family Court heard testimony and took evidence after which the Family

Court concluded that Schlossberg had "played a critical role in the ultimate

resolution of equitable distribution and other matters between the parties...". The

Family Court recognized that much of the rancor in the case and the pending

contempt matter related to the interception of Palencar's mail by Schlossberg

"pursuant to the authority granted to him by this Court." The Family Court had

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

5

granted Schlossberg such broad authority because the Family Court "found it necessary to do so due to actions of the Respondent as noted in prior orders." The Family Court concluded "by and large, Schlossberg acted diligently to honor the Order. ( of 7 May 2004)  The Court is satisfied that he acted in good faith and the evidence does not establish that he acted in any respect in willful violation of the Order."   The Petition for Contempt was denied by the Family Court.  (Order Adjudicating Contempt of 15 November 2004, pages 8-10)

Following the resolution of the divorce action, **Palencar and Teton** filed a Complaint in the Circuit Court of Jefferson County. West Virginia against the Judge who had presided over the Divorce Proceedings, the Honorable William T. Wertman. Jr., in Civil Action No. 05-C-6.  (Schlossberg was not a named defendant)  In that Complaint the Plaintiffs alleged that Judge Wertman had acted outside of his jurisdiction and outside of his authority by authorizing the unlawful interception and seizure of Plaintiffs' mail and for his unlawful exercise of jurisdiction and dominion over the property of Teton.  It was alleged in that Complaint that Schlossberg, based upon unlawful orders that had been signed by Judge Wertman, seized the mail of the Plaintiffs and the personalty of Teton, and that as a result the Plaintiffs had been injured and had suffered damages.  It was alleged in that Complaint that Judge Wertman had made findings in the Divorce Proceedings which the Judge knew or should have known were inconsistent "with the true facts of the case..." (Complaint, Civil No. 05-C-6)

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

6

On or about 26 July 2005 Plaintiffs' Complaint in Civil Action No. 05-C-6 was dismissed with the Circuit Court finding that a judge, when acting in his judicial capacity, is immune from civil liability for any and all official acts. The Circuit Court also found that under statutory authority granted to family courts in West Virginia, Judge Wertman "had the authority to enter orders pertaining both to the preservation of property incident to a divorce and to collection of judgments entered in the course of the divorce proceedings." The Circuit Court, in regard to Teton, found that the orders that had been entered by Judge Wertman explained why Teton's property had been affected. The Circuit Court found that the fact that Teton was not a party to the Divorce Proceedings was of no consequence as to whether Judge Wertman's acts were "judicial". (Order Granting Motion to Dismiss)

Following the Dismissal of its Complaint in Civil No. 05-C-6, Teton, on 8 December 2006, filed its Complaint in the District Court for the Second Judicial District, Albany County, Wyoming Civil Action No. 30179. The action was removed by Defendant to this Court.

## *ARGUMENT*

### *SCHLOSSBERG IS ABSOLUTELY IMMUNE*

The defense of absolute immunity may properly be raised in a Rule 12(b)(6) motion to dismiss. Quezada v. County of Bernalillo, 944 F.2d 710, 718 (10th Cir. 1991) And to determine whether a defendant's acts are entitled to absolute immunity a court

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

7

applies a "functional approach", looking at the type of function the defendant performed. The defendant bears the burden of showing that absolute immunity is justified for the type of function in question. <u>Kalina v. Fletcher</u>, 522 U.S. 118, 127 (1997); <u>Burns v. Reed</u>, 500 U.S. 478, 486 (1991).

> The Supreme Court has endorsed a "functional" approach to questions concerning the application of common-law tort immunities to individuals in § 1983 actions: "Immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches." <u>Forrester v. White, 484 U.S. 219, 108 S. Ct. 538, 542, 544, 98 L. Ed. 2d 555 (1988)</u> (emphasis in original). The extent of government officials' immunity depends upon the likely effect their exposure to liability will have on the operation of effective government in a particular context, balanced against the potential for a deprivation of individual rights in that context. E.g., <u>Doe v. McMillan, 412 U.S. 306, 36 L. Ed. 2d 912, 93 S. Ct. 2018 (1973)</u>; <u>Chavez v. Singer, 698 F.2d 420, 422 (10th Cir. 1983)</u>
>
> Recognizing that the power to execute judicial decrees is no less an important and integral part of the judicial process than the roles of those officials previously afforded absolute immunity, we held in <u>T & W Inv. Co., Inc. v. Kurtz, 588 F.2d 801, 802-03 (10th Cir. 1978)</u>, that a receiver named as a defendant in a corporation's civil rights action was a court officer who shared the judge's immunity to the extent he carried out the orders of his appointing judge. Our sister circuits addressing the question likewise agree with virtual unanimity that court officers sworn to execute court orders are shielded by absolute <u>immunity</u> in the performance of their duty. E.g., <u>Coverdell v. Department of Social and Health Serv., 834 F.2d 758, 764-65 (9th Cir. 1987)</u> (social worker accorded absolute quasi-judicial immunity for suit arising out of worker's apprehension of child pursuant to court order); <u>Henry v. Farmer City State Bank, 808 F.2d 1228, 1238-39 (7th Cir. 1986)</u> (sheriff acting pursuant to court order directing enforcement of judgment entitled to absolute immunity for allegedly wrongful conduct); <u>Property Management & Invs., Inc. v. Lewis, 752 F.2d 599, 602-04 (11th Cir. 1985)</u> (receiver of corporation protected by judicial immunity in carrying out orders of appointing judge);

HIRST APPLEGATE

A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

8

Tymiak v. Omodt, 676 F.2d 306, 308 (8th Cir. 1982) (sheriff who evicted plaintiff from home in compliance with court order was absolutely immune from suit for damages); Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981) (court clerks have absolute immunity in actions for damages based upon ministerial conduct required by court order); Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980) (court clerk and state hospital superintendent acting at behest of judge enjoyed judicial immunity); Waits v. McGowan, 516 F.2d 203, 206 & n.6 (3d Cir. 1975) (Judicial immunity extends to police officers engaged in ministerial functions under court's direction); Fowler v. Alexander, 478 F.2d 694, 696 (4th Cir. 1973) (sheriff and jailer who confined plaintiff in executing a court order were absolutely immune fro suit); Bradford Audio Corp. v. Pious, 392 F.2d 67, 72-73 (2d Cir. 1968) (court-appointed receiver enforcing explicit order of court was immune from liability).

Enforcing a court order or judgment is intrinsically associated with a judicial proceeding. Henry, 808 F.2d at 1239. **If losing parties were free to challenge the will of the court by threatening its officers with harassing litigation, the officers might neglect the execution of their sworn duties.** As the Ninth Circuit aptly reasoned: "The fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised." Coverdell, 834 F.2d at 765. **Absolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel. A lesser degree of immunity could impair the judicial process.** Valdez v. City and County of Denver, 1878 F.2d 1285, 1287, 1288 (10th Cir. 1989) (Emphasis supplied)

    In the instant case, it is clear from Plaintiff's Complaint that Teton's claims are against Schlossberg in his capacity as a court appointed trustee or receiver. Because Schlossberg's function was to assist the Family Court in the location, preservation and distribution of Palencar's assets, Schlossberg has absolute immunity. Schlossberg, in his

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

9

role as a court appointed receiver, in fact played an integral part in the resolution of the Divorce Proceedings, as recognized by Judge Wertman in the Order of 17 November, 2004.

Following that settlement of the Divorce Proceedings, Teton first attempted to sue the Judge who presided over those proceedings. Because Judge Wertman had absolute immunity for his judicial acts, that case was properly dismissed. Teton then sued Schlossberg, another officer of the Family Court. Because Schlossberg is a court appointed receiver assigned to carry out Judge Wertman's orders, Schlossberg also has absolute immunity for his acts. Teton's Complaint should be dismissed.

*TETON'S ACTION IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS*

Because this is a diversity case, substantive issues are controlled by state law and procedural issues are controlled by federal law. A federal court sitting in diversity applies state law for statute of limitations purposes. Burnham v. Humphrey Hospitality Reit Trust, Inc., 403 F.3d 709, 712 (10th Cir. 2005), citing Guaranty Trust Co. of New York v. York, 326 U.S. 99 (1945)

Teton's Complaint was first filed in the District Court of the Second Judicial District in and for Albany County, Wyoming on 8 December 2006. In that Complaint it is alleged that in January and February of 2004 Schlossberg made alleged misrepresentations to Teton's agents which misrepresentations form the basis for Teton's abuse of process and fraud causes of action. And in Teton's Complaint it is alleged that the Divorce Proceedings concluded on 26 March 2004. More than two years and eight months passed from the date

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

10

the Divorce Proceeding concluded and the filing of Teton's Complaint herein.   Plaintiff

apparently contends that it is Wyoming's four year statute of limitations that should apply to

its claims of abuse of process and fraud.   That is not the case.

"If by the laws of the state or country where the cause of action arose the

action is barred, it is also barred in this state"   W.S. § 1-3-117.  And, Teton's Complaint

would be barred if it had been filed in West Virginia where the cause of action arose, since it

would be a two year statute of limitations that would apply.

> Every personal action for which no limitation is otherwise prescribed shall be
> brought; (a) Within two years next after the right to bring the same shall have
> accrued, if it be for damage to property; (b) within two years next after the
> right to bring the same shall have accrued if it be for damages for personal
> injuries; and (c) within one year next after the right to bring the same shall
> have accrued if it be for any other matter of such nature that, in case a party
> die. it could not have been brought at common law by or against his personal
> representative. West Virginia Code § 55-2-112.

Teton's causes of action arose in West Virginia.   By the Affidavit of

Schlossberg filed herewith. Schlossberg has never been to Wyoming for any purpose. and

the Orders that Teton claims Schlossberg violated were issued by the Family Court of

Jefferson County. West Virginia.   Furthermore, one of Plaintiff's claim is for abuse of

process.  According to the Wyoming Supreme Court the tort of abuse of process is defined

as "one who uses a legal process, whether criminal or civil, against another primarily to

accomplish a purpose for which it was not designed, is subject to liability to the other for

harm caused by the abuse of process".   <u>Toltec Watershed Improvement District v. Johnston,</u>

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

11

717 P.2d 808, 810, 811 (Wyo. 1986), citing Restatement of Second Torts. § 682.   In the

instant case, what "legal process" is the basis for Teton's claim?   Clearly it is the process

involved in the Divorce Proceedings in West Virginia.

It has been said that a statute of limitations defense may be resolved on a

Rule 12(b) motion "when the dates given in the complaint make clear that the right suit upon

has been extinguished." Aldrich v. McCulloch Properties, Inc., 1036, 1041 n.4 (10th Cir.

1980) From Teton's Complaint the acts that form the basis for Plaintiff's claims allegedly

occurred in January or February of 2004, and the Divorce Proceedings concluded in March,

2004.   Teton's Complaint was filed more than two years after those alleged acts.   Teton's

Complaint should therefore be dismissed.

### THIS COURT LACKS PERSONAL JURISDICATION

"A court may exercise personal jurisdiction over a nonresident defendant

only so long as there exist "minimum contacts" between the defendant and the forum state."

Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1299 (10th Cir. 1999), citing

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1979).   The "minimum

contacts" standard may be satisfied in either of two ways—general or specific jurisdiction.

Kuenzle v. HTM Sport-Und Freizeitgerte AG, 102 F.3d 453, 455 (10th Cir. 1996). citing

Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532 (10th Cir. 1996).   "[A]

court may exercise general jurisdiction where the defendant's contacts, while not rising to

the level of the traditional notion of presence in the forum state, are nonetheless "continuous

**HIRST APPLEGATE**

A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

12

and systematic.'" <u>Kuenzle</u>, 102 F.3d at 455, citing <u>Trierweiler</u>, 90 F.3d at 1533. Schlossberg, who has never been to Wyoming, has had no economic dealings with Wyoming, and has dealt with Wyoming only in relation to the current suit, falls far short of the "continuous and systematic" contacts required for general jurisdiction.

The Tenth Circuit applies a two-pronged test to determine whether a court may exercise specific jurisdiction: (1) the defendant must "purposefully direct" its activities toward the forum jurisdiction and (2) the underlying action must be based upon activities that "arise out of or relate to" the defendant's contacts with the forum state. <u>Keunzle</u>, 102 F.3d at 455, citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985) (emphasis removed); <u>Soma</u>, 196 F.3d at 1299, citing <u>OMI Holdings, Inc. v. Royal Ins. Co. of Can.</u>, 149 F.3d 1086, 1091 (10th Cir. 1998). Although the alleged injuries to Teton arise out of the Defendant's communication with Wyoming citizens, the Plaintiff cannot satisfy the first prong of the test.

In <u>Soma</u>, this Court declared that **"[i]t is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts."** 196 F.3d at 1299 (emphasis added), citing <u>Far West Capital, Inc. v. Towne</u>, 46 F.3d 1071, 1077 (10th Cir. 1995); *cf.* <u>Harnischfeger Eng'rs, Inc. v. Uniflo Conveyor, Inc.</u>, 883 F. Supp. 608, 615 (D. Utah 1995) (noting that "numerous," perhaps "hundreds," of phone calls and letters <u>contributed</u> to finding of minimum contacts). In <u>Doering v. Copper Mountain, Inc.</u>, the Court again found that mailings from the Defendant were insufficient to establish

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

13

minimum contacts.  259 F.3d 1202 (10th Cir. 2001).  In <u>Doering</u>, this Court held that

"[a]lthough the solicitation bears on whether [the Defendant] purposefully directed

activities at [forum state] residents, it is by no means sufficient to establish specific

jurisdiction in this case."  <u>Doering</u>, 259 F.3d at 1211 (emphasis added).  In addition,

"[c]ourts have been unwilling to allow states to assert personal jurisdiction over foreign

defendants where the defendant's presence in the forum state arose from the unilateral acts

of someone other than the defendant," or when there is no indication that the forum state had

"anything but a fortuitous role" in the parties dealings because the "fact that [the Plaintiff]

happened to resident of [the forum state] was of "no consequence to [the Defendant]."

<u>Soma</u>, 196 F.3d at 1299.

      The Defendant in <u>Soma</u> opened an account for the Plaintiff in the forum state,

created internal documents related to that account, corresponded by fax and letter with the

Plaintiff, and received and distributed funds into and out of the account in the forum state.

The Tenth Circuit held that even these activities were insufficient to establish the minimum

contacts necessary to satisfy the demands of due process.  196 F.3d at 1299.  Schlossberg's

only contact with Wyoming has been by mail, fax, and telephone calls.  He did not have any

business dealings in the state, did not set up accounts in the state, and did not complete

transactions within the state.  The only activity he engaged in was interstate communication,

which he undertook not for personal gain, but pursuant to a court order issued out of West

Virginia, that directed Schlossberg to obtain title, liens, or possession of all assets of

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

14

Palencar. (Schlossberg Affidavit). It was of "no consequence" to Schlossberg where those assets were located.

Furthermore, even if this Court were to find that Schlossberg had the required minimum contacts with the State of Wyoming, those contacts should be considered so weak that only a small showing of unfairness or injustice should be required to render jurisdiction unreasonable. *See* OMI Holdings, Inc., supra, 149 F.3d at 1091. Due process requires that Teton prove that exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice. Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Calif., 480 U.S. 102, 113 (1987), quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). To require Schlossberg to defend a suit in Wyoming would be an offense to the "traditional notions of fair play and substantial justice."

The fairness considerations raised in World-Wide Volkswagen, supra, 444 U.S. at 292, weigh in favor of the Schlossberg. Schlossberg would be required to travel across the country to defend himself in a state in which he has never before set foot. Schlossberg's communication with Wyoming residents was limited to fax, mail, and telephone conversations, and were undertaken at the behest of a judge with competent jurisdiction. In this case, Wyoming's interest in providing redress to its citizens is not substantial. The citizen in question is a corporation, fully capable of suing Schlossberg in a court that clearly would have personal jurisdiction over him. In fact, Teton previously showed its willingness and ability to initiate suit in West Virginia when it filed suit against

HIRST APPLEGATE

A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

15

Judge Wertman in the Circuit Court of Jefferson County. Teton should have initially brought this suit in the Family Court for Jefferson County, West Virginia, which expressly retained jurisdiction over this type of controversy. (Order of 7 May 2004).

Teton cannot establish that Schlossberg has minimum contacts with Wyoming due to the tenuous association Schlossberg had with this state. However, even if minimum contacts were found, due process requires this Court to decline to exercise personal jurisdiction over Schlossberg because of the unfairness and unreasonableness of requiring him to defend a suit in Wyoming.

*THIS COURT LACKS SUBJECT MATTER JURISDICATION*

> Full Faith and Credit shall be given in each State to the Public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by General Laws prescribe the Manner in which such Acts, Records, and Proceedings shall be proved, and the Effect thereof. United States Constitution, Article IV, § 1.

Properly authenticated copies evidencing the acts, records and judicial proceedings of any court of any State are to have the same full faith and credit in every court within the United States, as they have in the courts of the State from which they are taken. 28 U.S.C. § 1738. "The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered. Jiron v. City of Lakewood, 392 F.3d 410, 415, 416 (10th Cir. 2004)

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

16

The Family Court in its Order of 2 May 2004 stated that jurisdiction was being retained by the Family Court "over any and all claims asserted by either party or by any person or entity arising from or related to the alleged performance or non-performance by Roger Schlossberg of his duties as Trustee or as Special Receiver in this action." Under the Full Faith and Credit provision of the United States Constitution, and under 28 U.S.C. § 1738, that Order should be given effect by this Court. Palencar obviously was not satisfied with the resolution of the Divorce Proceedings, and he and Teton were less than happy with the dismissal of their suit against Judge Wertman. However, Teton should not be permitted to forum shop and Teton should not be permitted to ignore the Order of 7 May 2004 issued by Judge Wertman from his Family Court. This Court should refuse to take subject matter jurisdiction of this dispute, and Plaintiff's Complaint should be dismissed.

## *CONCLUSION*

Schlossberg was apppointed by the Family Court to assist in the enforcement of the Orders that had previoulsy been issued by that court. As such, Schlossberg was an officer of the Family Court and was entitled to the same protection and the same absolute immunity that was afforded Judge Wertman. For the same reasons that Teton's suit against Judge Wertman was dimissed, Schlossberg's Motion to Dismiss should be granted. In addition, the application of West Virginia's two year statute of limitation through Wyoming's Borrowing Statute bars Teton's suit. And, a lack of minimum contacts and notions of fair play and substantial justice require this Court to refuse to exercise personal

HIRST APPLEGATE
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

17

jurisdiction over Schlossberg. Finally, full faith and credit should be afforded the Family Court's Order of 7 May 2004 in which that court retained jurisdiction to hear all claims relating to the performance of Schlossberg as trustee and special receiver. This Court may properly refuse to take subject matter jurisdiction of this dispute. Defendant's Motion to Dismiss should be granted.

Dated: 19 January 2007.

ROGER SCHLOSSBERG, Defendant

BY: _____
GARY R. SCOTT, #5-1939
HIRST APPLEGATE, P.C.
Attorneys for Defendant
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003
(307-632-0541

*CERTIFICATE OF SERVICE*

I certify the foregoing *Memorandum of Law in Support of Defendant's Motion to Dismiss Defendant's Complaint* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 19 January 2007, and that copies were served as follows:

C. M. Aron
Aron and Henning, LLP
1472 North 5th Street, Suite 201
Laramie, WY 82072

[ ✓ ] U.S. MAIL
[ ] FED EX
[ ] FAX
[ ] HAND DELIVERED
[ ] ELECTRONIC MAIL

_____
OF HIRST APPLEGATE, P.C.
Attorneys for Defendant

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

18