GARY R. SCOTT
AMANDA M. GUNDLACH
HIRST APPLEGATE. P.C.
1720 Carey Avenue. Suite 200
P. O. Box 1083
Cheyenne, WY 82003
(T) 307-632-0541
Fax 307-632-4999

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TETON MILLWORK SALES, a Wyoming corporation, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| vs. | } Civil No. 07-CV-014J |
| ROGER SCHLOSSBERG, | }<br>} |
| Defendant. | } |

## *DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS*

In Defendant Roger Schlossberg's (Schlossberg) Motion to Dismiss it was argued that Plaintiff Teton Millwork Sales' (Teton) Complaint should be dismissed for the reason that the applicable statute of limitations barred the action, on the grounds that this Court lacks personal jurisdiction over Schlossberg, on the grounds that Schlossberg is immune, and on the grounds that this Court should refuse to exercise subject matter jurisdiction over the matter.

HIRST APPLEGATE
A Professional Corporation
*Law Offices*
1720 Carey Avenue. Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

## **STATUTE OF LIMITATIONS**

Teton in its Brief makes no counter to Schlossberg's argument that it should be West Virginia's two year statute of limitations that applies to this case, and that because it is evident on the face of the Complaint that the action was filed herein more than two years after the alleged acts of Schlossberg, Teton's action is barred. In its Brief Teton simply makes two conclusory statements that it is Wyoming's four year statute of limitations that should apply, with no supporting argument.

It is apparent from Teton's Complaint and its Brief that the primary assertion is that Schlossberg failed to act in accordance with an Order issued by a West Virginia Court. In fact, Plaintiff's Complaint contains an abuse of process count. The judicial process that was allegedly abused by Schlossberg related to the Divorce Proceedings in West Virginia. The second count in Plaintiff's Complaint is for fraud, which count also involves the West Virginia judicial process. Teton alleges that Schlossberg made misrepresentations to Teton's agents concerning his authority as a court appointed trustee. Under West Virginia's two year statute of limitations as applicable through Wyoming's borrowing statute, W.S. § 1-3-117, Teton's action against Schlossberg is barred. Teton has offered this Court no argument to the contrary.

HIRST APPLEGATE
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

2

**PERSONAL JURISDICTION**

As noted by Teton in its Brief, after a court determines that there has been minimum contacts, the court is still required to evaluate whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice, by inquiring as to whether the exercise of personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case. And, if the minimum contacts are weak, a lesser amount of unreasonableness will defeat jurisdiction. A strong showing of reasonableness is sufficient with only borderline minimum contacts. (Plaintiff's Brief, pages 14-15, citing Benton v. Camco Corp., 375 F.3d 1070, 1076-1080 (10th Cir. 2004))

In the instant case, if Schlossberg has the required minimum contacts at all, it is evident that those minimum contacts are "weak". It is undisputed that Schlossberg was appointed as a receiver or as a special trustee by the Family Court, and that Schlossberg in his efforts to carry out the orders of the Family Court was never physically in the State of Wyoming. It is also undisputed that Schlossberg has never been in the State of Wyoming for any other reason. It is undisputed that in the instant case, Schlossberg's contacts with the State of Wyoming were limited to phone calls to and correspondence with individuals within the State of Wyoming. Such contacts at the most constitute "borderline minimum contacts".

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

3

Under Benton, there must therefore be a strong showing of reasonableness when taking into consideration the five factors of (1) burden on the defendant, (2) forum state's interest in resolving the dispute, (3) plaintiff's interest in obtaining effective relief, (4) judicial system's interest in obtaining the most efficient resolution of controversies, and (5) interests of the states in furthering fundamental social policies. When those five factors are applied to the facts of the instant case, it can not be said that there is a strong showing of reasonableness.

Teton in its Brief concedes that there is a burden on Schlossberg to litigate in Wyoming, but argues with no explanation that if the matter was litigated in West Virginia Schlossberg could not defend without coming to Wyoming. That is not the case. If the matter was tried in West Virginia, there would be no reason that Schlossberg himself would ever be required to or need to travel to the State of Wyoming. Obviously the same could not be said if the matter was litigated in Wyoming. On the other hand, Teton by filing its earlier suit against the Honorable William T. Wertman has shown its ability and willingness to initiate and participate in lawsuits in the State of West Virginia.

Concerning the second factor, Teton argues that the State of Wyoming has an interest in providing a forum for its residents to seek redress for injuries caused by foreign actors. Defendant however suggests that that interest should be balanced against the interests of West Virginia in litigating issues which arise out of the alleged violation of an order issued by a court of West Virginia.

HIRST APPLEGATE
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

4

Concerning the third factor, Teton argues that there is no other forum where Teton can receive convenient and effective relief other than this Court. Again, Teton has previously, by filing suit against Judge Wertman, shown that it is not too inconvenient for it to initiate an action in the State of West Virginia.

Regarding the fourth factor, Teton simply offers that all of the witnesses are in Wyoming, the wrong underlying the lawsuit occurred in Wyoming, and Wyoming law governs the case. But as far as the efficient resolution of the controversy, the action arises out of a West Virginia divorce proceeding, and the order allegedly violated by Schlossberg was an order issued by a West Virginia court. And, an earlier related lawsuit, that of Teton and Michael Palencar vs. Judge Wertman, was also filed in West Virginia. Defendant suggests that the judicial system of West Virginia would have an interest in resolving this associated controversy.

As to the last factor, Teton offers the argument that the social policies of Wyoming relate to its concern for abuse of its citizens and wrongful seizure of its citizens' assets. Again, the underlying claim in this dispute is that Schlossberg violated and misrepresented an order issued by a West Virginia court. Public policy weighs in favor of the dispute being litigated in the State of West Virginia.

To the extent that Schlossberg had the required minimum contacts with the State of Wyoming, those contacts are "borderline". In such a case, there is required to be a strong showing that the exercise of personal jurisdiction by this Court over Schlossberg

HIRST APPLEGATE
A Professional Corporation
Law Offices
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

5

would be reasonable in light of the circumstances surrounding the case. Teton has failed to make such a strong showing of reasonableness, and its Complaint against Schlossberg should be dismissed for lack of personal jurisdiction.

## IMMUNITY

As noted, Palencar and Teton earlier sued Judge Wertman, which case was dismissed on the basis that Judge Wertman had absolute immunity. In its Brief Teton now attempts to distinguish the Wertman case from the instant case stating that Teton does not dispute the West Virginia Court's finding that Judge Wertman's acts were judicial. Teton concedes that within the Family Court's jurisdiction its acts were judicial, and that the Judge was immune from suit. That however is not what was alleged by Teton when it filed its action against Judge Wertman. It its Complaint against Judge Wertman[1]. Teton alleged that Judge Wertman acted outside the scope of his official responsibilities when he authorized the interception of Teton's mail and trespass to and conversion of Teton's property. Teton alleged in that Complaint that "using the unlawful January 8 and 14th, 2004 Orders, the Trustee/Special Receiver did in fact seize the mail of the Plaintiffs and the personalty of Plaintiff Teton..." (Complaint against Wertman ¶¶'s 7, 13)

Teton argues that Schlossberg is not entitled to immunity because he allegedly acted beyond the scope of the orders issued by the Family Court. However, first it

---

[1] *The Complaint filed by Palencar and Teton against Judge Wertman was one of the documents earlier filed herein with Defendant's Motion to Dismiss. The Index for those documents erroneously identified the Complaint as "Circuit Court Order of 7 January 2005". In fact, it was the Complaint of the same date.*

HIRST APPLEGATE
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

6

should be noted that there is no allegation in this case that Schlossberg was in any way at any time acting for his personal gain, or that Schlossberg was at any time not attempting to enforce the Family Court's orders to locate and seize assets.[2] By Schlossberg's Affidavit at the conclusion of the Divorce Proceedings he made a complete accounting of all property that had been administered by him during the proceedings, and he returned all that property, less approved expenses, to counsel for Palencar.

Teton alleges in its Complaint that Schlossberg was appointed by the Family Court as receiver/special trustee, and that in that capacity he presented orders to residents of the State of Wyoming, and represented himself to those individuals as a court appointed receiver. Plaintiff's claim is that Schlossberg failed to obtain ancillary jurisdiction in the State of Wyoming before undertaking those acts, and therefore, he was not acting as a court appointed trustee, and has no immunity. If all that was required for a plaintiff to circumvent absolute immunity which would otherwise protect a court appointed receiver, is a claim that the receiver failed to act in compliance with an order, clearly that receiver would not have the benefit of absolute immunity to any meaningful extent. "Absolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel. A lesser degree of immunity could impair the judicial process." <u>Valdez v. City and County of Denver</u>, 1878

---

[2] *In the Family Court's Order of 15 November 2004 Judge Wertman specifically found that Schlossberg, by and large, had acted diligently to honor the Court's Order and that Schlossberg had acted in good faith, with there being no evidence that he had in any respect willfully violated any order.*

HIRST APPLEGATE
A Professional Corporation
Law Offices
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

7

F.2d 1285, 1288 (10th Cir. 1989) In the instant case even if the allegations of the Plaintiff are taken as true, they should not result in some "lesser degree of immunity" for Schlossberg. There is no dispute that Schlossberg at all relevant times was attempting to carry out the orders that had been issued to him by the Family Court and in doing so Schlossberg should have the benefit of absolute immunity. Just as the case against Judge Wertman was dismissed based upon immunity, Teton's suit against Schlossberg should likewise be dismissed.

## SUBJECT MATTER JURISDICTION

The Family Court in its Order of 2 May 2004 stated that it retained jurisdiction "over any and all claims asserted by either party or by any person or entity arising from or related to the alleged performance or non-performance by Roger Schlossberg of his duties as Trustee or as Special Receiver in this action." Defendant has argued that this Court should therefore refuse to take subject matter jurisdiction over this action. Teton in its Brief confuses personal jurisdiction with subject matter jurisdiction when it argues "Teton was not a party to the divorce or the Settlement Agreement. When it entered the order, the West Virginia court had not exercised jurisdiction in any way, so there was none to retain". (Plaintiff's Brief, pg 22) It is true that the Family Court had not exercised personal jurisdiction over Teton when it entered its 2 May 2004 Order, but the material question relates to subject matter jurisdiction. The Family Court clearly was retaining subject matter jurisdiction in regard to claims associated with the performance of Schlossberg as court

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

8

appointed trustee. The Family Court had in fact exercised subject matter jurisdiction over that matter, which should be honored by this Court in accordance with the Full Faith and Credit provision of the United States Constitution and the Full Faith and Credit Act, 28 U.S.C. § 1738.

Dated: 8 February 2007.

ROGER SCHLOSSBERG, Defendant

BY: /s/ Gary R. Scott
GARY R. SCOTT, #5-1939
HIRST APPLEGATE, P.C.
Attorneys for Defendant
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003
(307-632-0541

## CERTIFICATE OF SERVICE

I certify the foregoing *Defendant's Reply to Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 8 February 2007, and that copies were served as follows:

| | |
|---|---|
| C. M. Aron<br>Aron and Henning, LLP<br>1472 North 5th Street, Suite 201<br>Laramie, WY 82072 | [ ] U.S. MAIL<br>[ ] FED EX<br>[ ] FAX<br>[ ] HAND DELIVERED<br>[ ✓ ] ELECTRONIC MAIL |

/s/ Gary R. Scott
OF HIRST APPLEGATE, P.C.
Attorneys for Defendant

HIRST APPLEGATE
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

9