GARY R. SCOTT
AMANDA M. GUNDLACH
HIRST APPLEGATE. P.C.
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne. WY 82003
(T) 307-632-0541
Fax 307-632-4999

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TETON MILLWORK SALES. a Wyoming corporation, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| vs. | } Civil No. 07-CV-014J |
| ROGER SCHLOSSBERG, | }<br>} |
| Defendant. | } |

## DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant Roger Schlossberg hereby respectfully moves this Court for an Order staying all discovery until such time as the Court rules on Defendant's Motion to Dismiss, especially as that Motion relates to Defendant's contention that this Court lacks subject matter jurisdiction.

One of the arguments made by Defendant in support of its contention that this Court lacks subject matter jurisdiction is that under the United States Supreme Court case of Barton v. Barbour, 104 U.S. 126 (1991) this case can not go forward since Plaintiff has not obtained leave of the court that first appointed Defendant Roger Schlossberg as

HIRST APPLEGATE
A Professional Corporation
Law Offices
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

receiver/special trustee. "Before suit is brought against a receiver leave of the court by which he was appointed must be obtained." Id at 128. One of the purposes behind this "Barton doctrine" is that without the requirement of obtaining leave from the appointing court serving as a receiver will become more burdensome and more of an inconvenience, with the result being that it will become more difficult for courts to find competent people to appoint as trustees or receivers.

> But the doctrine serves additional purposes even after the bankruptcy case has been closed and the assets are no longer in the trustee's hands. See *Barton*, 104 U.S. at 128. In *In re Linton*, the Seventh Circuit held that the Barton doctrine applied to a state court lawsuit filed eleven months after the bankruptcy case was closed. 136 F.3d at 544-45. Writing for the court, Judge Posner stated:
>
> without the requirement [of obtaining leave], trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive (and the expense of bankruptcy is already a source of considerable concern). Furthermore, requiring that leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more effectively. It does this by compelling suits growing out of that work to be as it were prefiled before the bankruptcy judge that made the appointment: this helps the judge decide whether to approve this trustee in a subsequent case.

Muratore v. Darr, *375 F.3d 140, 147 (1st Cir. 2004)*

Defendant Schlossberg has recently been served with substantial written discovery requests from the Plaintiff (attached), and has received inquiries as to when

-2-

HIRST APPLEGATE
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

Defendant could be made available for his deposition. Participating in such discovery outside the jurisdiction of the appointing court and having to incur the associated expense and inconvenience is something that the Barton doctrine was designed to prevent. For the policy reasons discussed in the Muratore case, a court appointed receiver, such as Defendant Scholssberg, should be provided the benefit of the Barton doctrine at least until such time as the Court rules that the Barton doctrine does not apply. To do otherwise and to allow expensive and burdensome discovery to go forward against the Defendant would, to a large degree, render the Barton doctrine meaningless.

Defendant is aware of this Court's general practice of not staying discovery pending a ruling on dispositive motions. However, Defendant respectfully submits to this Court that the Barton doctrine, and the purpose behind that doctrine should provide an exception to that practice. Defendant therefore respectfully requests that this Court stay all discovery in this case until such time as the Court rules on Defendant's Motion for Summary Judgment, particularly as that Motion relates to the Barton doctrine and whether this Court can properly exercise subject matter jurisdiction over this dispute.

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

Dated: 1 June 2007.

ROGER SCHLOSSBERG, Defendant

BY: /s/ *[signature]*
GARY R. SCOTT, #5-1939
HIRST APPLEGATE, P.C.
Attorneys for Defendant
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003
(307-632-0541

## *CERTIFICATE OF SERVICE*

I certify the foregoing *Defendant's Motion to Stay Discovery* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 1 June 2007, and that copies were served as follows:

| | |
|---|---|
| C. M. Aron<br>Aron and Henning, LLP<br>1472 North 5th Street, Suite 201<br>Laramie, WY 82072 | [ ] U.S. MAIL<br>[ ] FED EX<br>[ ] FAX<br>[ ] HAND DELIVERED<br>[ ✓ ] ELECTRONIC MAIL |

/s/ *[signature]*
OF HIRST APPLEGATE, P.C.
Attorneys for Defendant

- 4 -

**HIRST APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, Wyoming 82003-1083

# PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

TETON MILLWORK SALES,            )
                                 )
          Plaintiff,             )
                                 )
vs.                              )      No. 07-CV-014J
                                 )
ROGER SCHLOSSBERG,               )
                                 )
          Defendant.             )

DEADLINED
(6/11/07)

NJH  MAY 11 2007

## PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ROGER SCHLOSSBERG

COMES NOW Plaintiff TETON MILLWORK SALES, by and through its attorneys, ARON and HENNIG, LLP, and hereby propounds the following interrogatories to Defendant Roger Schlossberg, to be answered in accordance with Rule 33, F.R.C.P. within thirty (30) days of service hereof:

**INTERROGATORY NO. 1:** Please identify the dates you were acting as a *Trustee* in Civil Action No. 02-D-3 in the Family Court of Jefferson County, West Virginia [the "Palencar Divorce"]. As to all your actions as Trustee, please identify:

(a)  the corpus of the trust during your tenure as trustee;

(b)  the West Virginia laws or statutes that governed or applied to your status as *Trustee*; and

(c)  the date you became a *Special Receiver* in the Palencar Divorce..

**ANSWER:**


**INTERROGATORY NO. 2:** Please explain and identify the "substantial financial risk" stated in your January 12, 2004 correspondence to FERRIS BAKER WATTS, in which you said "only

the undersigned is entitled to direct the activities of the subject account and that any instruction accepted from other parties (including Mr. Palencar, Agnes Lichtner, or others) will subject your financial institution to substantial financial risk."

ANSWER:


INTERROGATORY NO. 3: Please identify each and every action you took to obtain ancillary jurisdiction over *Teton Millwork Sales, Inc.* in the State of Wyoming.

ANSWER:


INTERROGATORY NO. 4: During the 2.2 hours you identified as "legal research" time you spent researching *Wyoming Ancillary Jurisdiction* on January 11, 2004, in the billings you submitted to the court in the Palencar Divorce:

    (a)    Please identify each authority and reference you consulted;

    (b)    Summarize the information you obtained; and

    (c)    State the conclusions you reached with regard to the actions required in order to act in Wyoming under authority of the Palencar Divorce court.

ANSWER:


INTERROGATORY NO. 5: As to the services provided to you by PREHODA, LEONARD AND JANACK of Laramie, Wyoming, for which that firm was paid $469.00 on February 19, 2004:

    (a)    Please explain the nature of the relationship you maintained with that firm and the services provided by that firm;

    (b)    Describe the advice or actions that firm gave to you or took on your behalf.

ANSWER:

INTERROGATORY NO. 6: Please summarize your course of dealings and prior relationship with David Rider of the RIDER JET CENTER at all times prior to January, 2004. Please include in your answer any payment made to him in the preceding five years and describe the services provided in exchange for such payment.

ANSWER:

INTERROGATORY NO. 7: Please explain the purpose for which you provided to Steve Martindale, Mark Mader, Samantha Serale, Margaret Meranda, Dana Wilson, Janet Downey and Lisa M. Palmore a copy of the *Amended Order Establishing Penalty Sum of Bond of Trustee/Special Receiver and Granting Other Relief* issued by the Palencar Divorce court.

ANSWER:

INTERROGATORY NO. 8: Please explain the purpose for which you provided Robert Leonard of PREHODA, LEONARD AND JANACK with a copy of the *Amended Order Establishing Penalty Sum of Bond of Trustee/Special Receiver and Granting Other Relief* issued by the Palencar Divorce court.

ANSWER:

INTERROGATORY NO. 9: Please state on how many occasions you have been appointed a *Trustee* or *Special Receiver* by a state court in West Virginia. As to each such appointment, please identify:

    (a)    the nature of the case and the purpose of the receivership or trust;

    (b)    each instance in which you sought ancillary jurisdiction from a state court outside the State of West Virginia in furtherance of your West Virginia trusteeship or receivership;

(c) the specific state courts where such ancillary jurisdiction was obtained, and the specific state courts where such ancillary jurisdiction was denied, including the caption or docket number for each case for both results;

(d) the names of the attorneys representing the parties in the West Virginia case;

(e) the actions taken by you under the authority of the ancillary jurisdiction in each such case.

ANSWER:


INTERROGATORY NO. 10: As *Trustee* or *Special Receiver* in the Palencar Divorce you reported that you obtained funds in the sum of $23,966.75 from Bank of Charles Town. What documents did you present, and what information did you communicate to Bank of Charles Town to compel them to disgorge those funds to you?

ANSWER:


INTERROGATORY NO. 11: As *Trustee* or *Special Receiver* in the Palencar Divorce you reported that you obtained funds in the sum of $415.96 from First National Bank of Laramie. What documents did you present, and what information did you communicate, to First National Bank of Laramie to compel them to disgorge those funds to you?

ANSWER:


INTERROGATORY NO. 12: As *Trustee* or *Special Receiver* in the Palencar Divorce you reported that you obtained funds in the sum of $27,050.19 from Ferris, Baker, Watts. What documents did you present, and what information did you communicate, to Ferris, Baker, Watts to compel them to disgorge those funds to you?

ANSWER:

INTERROGATORY NO. 13: As *Trustee* or *Special Receiver* in the Palencar Divorce you reported that you obtained funds in the sum of $33,190.23 from American Express and $20,309.02 for IDS Life Insurance (AXP). What documents did you present, and what information did you communicate, to American Express to compel them to disgorge those funds to you?

ANSWER:

## REQUESTS FOR PRODUCTION

**COMES NOW** Plaintiff TETON MILLWORK SALES, by and through its attorneys, ARON and HENNIG, LLP, and hereby requests that Defendant Roger Schlossberg produce the following documents and tangible things pursuant to Rule 34, F.R.C.P., at the offices of ARON and HENNIG, LLP, 1472 North 5th Street, Suite 201, Laramie, WY 82072, on June 13, 2007, at 11:00 o'clock a.m.

All documents and written materials referred to in these requests include verbal information or data in any form, including any and all electronic records and e-mail. In the event any of the requested information is stored in electronic form, Defendant's production may be satisfied by producing the information in a readable electronic form or making the information available for inspection at a computer terminal of Defendant's choice, from which the information can be accessed, on the above date and time of production; in such event, in the response hereto please state the location at which the electronic information will be made available for such an inspection and any software required to access the information.

This request to produce documents can be satisfied by mailing a copy of the requested documents to Aron and Hennig, LLP, 1472 North 5th Street, Suite 201, Laramie, WY 82072 within thirty (30) days of service hereof. The reasonable cost of retrieving, copying and mailing the documents will promptly be remitted.

To the extent you claim any of the correspondence is privileged or confidential, please identify the privilege upon which you rely, and identify the privileged communication in a privilege log.

**REQUEST FOR PRODUCTION NO. 1:** Produce all letter correspondence, electronic (email) correspondence, and facsimile correspondence [including all documents attached to each correspondence] which were delivered to OR received from the Honorable William T. Wertman, Jr. between June 2002 through July 2005, which pertains in any manner to Civil

Action No. 02-D-3 (*Palencar v. Palencar*). This request should exclude any documents filed with Judge Wertman's Court of record, or letters to Judge Wertman's clerk.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:** Produce all letter correspondence, electronic (e-mail) correspondence, and facsimile correspondence [including all documents attached to each correspondence] which were delivered to OR received from David P. Greenberg, Esq., between June 2002 through July, 2005, pertaining in any manner to Civil Action No. 02-D-3 (*Palencar v. Palencar*). This request does not seek production of documents filed with the court in that action.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:** Produce all letter correspondence, electronic (email) correspondence, and facsimile correspondence [including all documents attached to each correspondence] which were delivered to OR received from FIRST NATIONAL BANK OF WYOMING (Laramie Office) or Samantha Searle between January, 2004 through April of 2004, specifically including those documents you reference as having delivered to FIRST NATIONAL BANK OF WYOMING on January 12, 2004, in your *Application for Allowance and Payment of Professional Compensation*.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:** Produce all letter correspondence, electronic (email) correspondence, and facsimile correspondence [including all documents attached to each correspondence] which were delivered to OR received from FERRIS BAKER WATTS, its general counsel Dana Wilson, Sandra Anderson, Marilyn F. Holmes or Charles H. Gobin between January, 2004 through April of 2004, specifically including those documents, responses and

emails you reference as having delivered to and received from FERRIS BAKER WATTS, Ms. Wilson, Ms. Anderson, Ms. Holmes and Mr. Gobin on January 12, 14, 21 and 28, 2004, in your *Application for Allowance and Payment of Professional Compensation*.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:** Produce all letter correspondence, electronic (email) correspondence, and facsimile correspondence [including all documents attached to each correspondence] which were delivered to OR received from AMERICAN EXPRESS or any of its agents [including Ms. Margaret Meranda, Ms. Smith or Christopher Foust] between January, 2004 through April of 2004, specifically including those documents, responses and emails you reference as having delivered to and received from AMERICAN EXPRESS or its agents on January 12, 13, 14, 22, and 24, 2004, in your *Application for Allowance and Payment of Professional Compensation*.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:** Produce all letter correspondence, electronic (email) correspondence, facsimile correspondence and billing statements [including all documents attached to each correspondence] which were delivered to OR received from PREHODA, LEONARD AND JANACK, LLC or Robert Leonard, Esq. between January, 2004 through April of 2004, specifically including those documents, responses and emails you reference as having delivered to and received from PREHODA, LEONARD AND JANACK, LLC or Robert Leonard, Esq. on January 14, 20 and February 19, 2004 in your *Application for Allowance and Payment of Professional Compensation*.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:** Produce all letter correspondence, electronic (email) correspondence, facsimile correspondence [including all documents attached to each correspondence] which were delivered to OR received from USI INSURANCE SERVICES or its agent Lisa M. Palmore between January, 2004 through April of 2004, specifically including those documents, responses and emails you reference as having delivered to and received from USI INSURANCE SERVICES or Lisa M. Palmore on January 21, 2004 in your *Application for Allowance and Payment of Professional Compensation*.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Produce all letter correspondence, electronic (email) correspondence, facsimile correspondence [including all documents attached to each correspondence] which were delivered to OR received from MORGANTOWN REGIONAL AIRPORT or David Bott between January, 2004 through April of 2004, specifically including those documents, responses and emails you reference as having delivered to and received from MORGANTOWN REGIONAL AIRPORT or David Bott on January 21, 2004 in your *Application for Allowance and Payment of Professional Compensation*.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Produce all letter correspondence, electronic (email) correspondence, facsimile correspondence [including all documents attached to each correspondence] which were delivered to OR received from RIDER JET CENTER or David Rider between January, 2004 through June of 2004, specifically including those documents, responses and emails you reference as having delivered to and received from RIDER JET CENTER or David Rider on January 21, February 2, 4, 9, March 26, 27, 29 and June 30, 2004 in your *Application for Allowance and Payment of Professional Compensation*.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Produce all letter correspondence, electronic (email) correspondence, facsimile correspondence [including all documents attached to each correspondence] which were delivered to OR received from MADER, TSCHACHER, PETERSON & CO. or Mark Mader between January, 2004 through April of 2004, specifically including those documents, responses and emails you reference as having delivered to MADER, TSCHACHER, PETERSON & CO. or Mark Mader on January 22 and 23, 2004 in your *Application for Allowance and Payment of Professional Compensation.*

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Produce all letter correspondence, electronic (email) correspondence, facsimile correspondence [including all documents attached to each correspondence] which were delivered to OR received from Steve Martindale of Laramie, Wyoming, between January, 2004 through April of 2004, specifically including those documents, responses and emails you reference as having delivered to Steve Martindale on January 30, February 2 and 3, 2004 in your *Application for Allowance and Payment of Professional Compensation.*

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Produce all letter correspondence, electronic (email) correspondence, facsimile correspondence [including all documents attached to each correspondence] which were delivered to OR received from UNITED STATES POSTAL SERVICE for Laramie, Wyoming or Janet Downey between January, 2004 through June 16, 2004, specifically including those documents, responses and emails you reference as having delivered to the UNITED STATES POSTAL SERVICE for Laramie, Wyoming and Janet Downey on February 6, 2004 in your *Application for Allowance and Payment of Professional Compensation,* as well as on June 16, 2004.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:** Produce a copy of the exemplified copy of the *Order Establishing Penalty Sum of Bond Trustee / Special receiver and Granting Other Relief* you attached to your February 6, 2004 correspondence delivered to Janet Downey of the United States Postal Service in Laramie, Wyoming.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:** Produce any and all motions, letters or requests you submitted to Judge William Wertman whereby Judge Wertman was requested to sign and/or enter the *Order Establishing Penalty Sum of Bond of Trustee/Special Receiver and Granting Other Relief* dated January 8, 2004, and the *Amended Order Establishing Penalty Sum of Bond of Trustee/Special Receiver and Granting Other Relief* dated January 14, 2004.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:** Produce copies of the $100,000.00 bond you were directed to file with the clerk of court pursuant to the January 8, 2004 *Order Establishing Penalty Sum of Bond of Trustee/Special Receiver and Granting Other Relief.*
RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents which accompanied the bond referenced in No. 15 above, including the bond application, surety documents, correspondence to your office from the bonding company with regard to the bond, and all documents that evidence the release of the bond.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17: Produce copies of the $100,000.00 bond you were directed to file with the clerk of court pursuant to the January 14, 2004 *Amended Order Establishing Penalty Sum of Bond of Trustee/Special Receiver and Granting Other Relief.*

RESPONSE:

REQUEST FOR PRODUCTION NO. 18: Produce all documents which accompanied the bond referenced in No. 17 above, including the bond application, surety documents, correspondence to your office from the bonding company with regard to the bond, and all documents that evidence the release of the bond.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19: Produce a copy of your "*Trustee Notebook*", with all accompanying tabs, as referenced in Judge Wertman's ORDER ADJUDICATING CONTEMPT, dated November 14, 2004, and attached to Defendant Schlossberg's MOTION TO DISMISS, filed in the present action.

RESPONSE:

REQUEST FOR PRODUCTION NO. 20: Produce a copy of the entire document identified as H:\Documents\2004\Jan.2004\palencar.order.amended.rs.011304.rs.wpd in your computer files; and all other previous draft documents of the *(1) Order Establishing Penalty Sum of Bond of Trustee/Special Receiver and Granting Other Relief,* and *(2) Amended Order Establishing Penalty Sum of Bond of Trustee/Special Receiver and Granting Other Relief* that exist in your computer files.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21**: Produce all of your written notes, citations, authorities and other documents, treatises, rules or case citations that you copied, downloaded or otherwise obtained or generated during or as a result of any legal research with regard to your role as trustee or receiver in connection with the Palencar Divorce, including but not limited to the results of the 2.2 hours of "legal research" regarding *Wyoming Ancillary Jurisdiction* on January 11, 2004, as referenced in the *Application for Allowance and Payment of Professional Compensation*.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 22**: Produce a copy of any and all professional service statements you generated as a result of your services as *Trustee* in Civil Action No. 02-D-3 through December 22, 2003.

RESPONSE:

Dated this 9th day of May 2007.

/s/ C. M. Aron
C. M. Aron
ARON and HENNIG, LLP
1472 North Fifth Street, Suite 201
Laramie, WY 82072
Telephone: (307) 742-6645
Fax: (307) 742-7766
Attorneys for Plaintiff Teton Millwork Sales

### Certificate of Service

I hereby certify that I served the foregoing document by mailing a copy, postage prepaid, to Defendant's attorneys, Gary R Scott, Esq., and Amanda Marie Gundlach, Esq., Hirst & Applegate, PC, PO Box 1083, Cheyenne, WY 82003-1083 this 9th day of May 2007.

/s/ C.M. Aron
C.M. Aron

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TETON MILLWORK SALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-CV-014J |
| | ) | |
| ROGER SCHLOSSBERG, | ) | |
| | ) | |
| Defendant. | ) | |

*NJH  MAY 17 2007*
*DEADLINED*
*(6/15/07)*

## PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ROGER SCHLOSSBERG

COMES NOW Plaintiff TETON MILLWORK SALES, by and through its attorneys, ARON and HENNIG, LLP, and hereby requests that Defendant Roger Schlossberg produce the following documents and tangible things pursuant to Rule 34, F.R.C.P., at the offices of ARON and HENNIG, LLP, 1472 North 5th Street, Suite 201, Laramie, WY 82072, on June 19, 2007, at 11:00 o'clock a.m.

All documents and written materials referred to in these requests include verbal information or data in any form, including any and all electronic records and e-mail. In the event any of the requested information is stored in electronic form, Defendant's production may be satisfied by producing the information in a readable electronic form or making the information available for inspection at a computer terminal of Defendant's choice, from which the information can be accessed, on the above date and time of production; in such event, in the response hereto please state the location at which the electronic information will be made available for such an inspection and any software required to access the information.

This request to produce documents can be satisfied by mailing a copy of the requested documents to Aron and Hennig, LLP, 1472 North 5th Street, Suite 201, Laramie, WY 82072 within thirty (30) days of service hereof. The reasonable cost of retrieving, copying and

mailing the documents will promptly be remitted.

To the extent you claim any of the correspondence is privileged or confidential, please identify the privilege upon which you rely, and identify the privileged communication in a privilege log.

**REQUEST FOR PRODUCTION NO. 1:** Produce all letter correspondence, electronic (email) correspondence, and facsimile correspondence [including all documents attached to each correspondence] which you or Schlossberg & Digirolamo delivered to OR received from BID-4-ASSETS, [as that entity is identified and referenced in your *Application for Allowance and Payment of Professional Compensation*], during February and March, 2004.

**RESPONSE:**

DATED this 16th day of May 2007.

Galen Woelk
ARON and HENNIG, LLP
1472 North Fifth Street, Suite 201
Laramie, WY 82072
Telephone: (307) 742-6645
Fax: (307) 742-7766
Attorneys for Plaintiff Teton Millwork Sales

### Certificate of Service

I hereby certify that I served the foregoing document by mailing a copy, postage prepaid, to Defendant's attorneys, Gary R Scott, Esq., and Amanda Marie Gundlach, Esq., Hirst & Applegate, PC, PO Box 1083, Cheyenne, WY 82003-1083 this 16th day of May 2007.

Galen Woelk