C.M. Aron
Galen B. Woelk
ARON and HENNIG
1472 North Fifth Street, Ste. 201
Laramie, WY  82072
Telephone: (307) 742-6645
Facsimile:  (307) 742-7766
ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

TETON MILLWORK SALES,      )
a Wyoming corporation          )
                                          )
                    Plaintiff,       )
                                          )
vs.                                      )          No. 07-CV-014J
                                          )
ROGER SCHLOSSBERG,        )
                                          )
                    Defendant.      )

## PLAINTIFF'S BRIEF IN OPPOSITION
## TO DEFENDANTS' MOTION TO STAY DISCOVERY

1.      *Stay of Discovery is Not Practicable.*   Defendant Roger Schlossberg

["Schlossberg"] requests that the Court stay discovery until after the Court rules on the

pending motion to dismiss.  Defendant does not suggest how discovery can be completed in

a timely manner if the case is not dismissed. Thus, in effect, Defendant is requesting a

continuance of the trial and the pending schedule that has been ordered herein.

2.      *Motion for Stay Improperly Argues the Motion to Dismiss.*   By filing DEFENDANTS' MOTION TO STAY DISCOVERY, Schlossberg seeks to present to the Court indirectly the "Barton Doctrine" in support of his motion to dismiss herein.   Thus he attempts to accomplish indirectly what the Court's rules prohibit him from presenting directly.   The filing of the SUPPLEMENT TO DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT ["Supplemental Brief on Motion to Dismiss"] on May 22, 2007, was not a timely brief, as set forth in PLAINTIFF'S RULE 7.1 MOTION TO STRIKE "SUPPLEMENT TO DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT."   In the absence of leave of Court, such a filing is not permitted under the Local Rules.   On the pretext of asking to stay discovery, Schlossberg now attempts to offer to the Magistrate Judge the same reasons and the same authorities he had attempted to offer the District Judge in Schlossberg's "supplemental memorandum."

3.      *Barton Case Not Applicable.*   Schlossberg's MOTION TO STAY DISCOVERY and his Supplemental Brief on Motion to Dismiss are both based on the case of *Barton v. Barbour*, 104 U.S. 126 (1881) [inaccurately cited by Schlossberg as a 1991 case].   The *Barton* case is entirely irrelevant, holding that a receivership court has exclusive jurisdiction over a claim against a company in receivership.   The case involved a personal injury claim by a passenger of a railroad that was held in receivership.   The tortfeasor was the company in receivership, not the receiver himself; the receiver was merely a nominal defendant.

The other case cited by Schlossberg, *Muratore v. Darr,* 375 F.3d 147 (1stCir.2004), discusses the application of the *Barton* doctrine in the bankruptcy context, where it is applicable:

> So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. . . . True, if one claims that the assignee has wrongfully taken possession of his property as property of the bankrupt, he is entitled to sue him in his private capacity as a wrong-doer in an action at law for its recovery.
>
> *Barton, supra,* 104 U.S. at 134.

*Muratore* also discusses the statutory exception to the *Barton* doctrine, codified in 28 U.S.C. § 959(a).  As discussed in *Muratore* and many other cases, the doctrine is applicable to bankruptcy courts and other federal courts.  Schlossberg has cited no authority which holds that a divorce court in West Virginia has jurisdiction over abuse of process by a receiver who acts without judicial authority in Wyoming.

4.      **Conclusion.**  Defendant Schloosberg's motions to stay discovery should be denied forthwith for reasons of both law and practicality.

Dated this 15th day of June 2007.

 /s/ Charles M. Aron
Charles M. Aron
Galen B. Woelk
ARON and HENNIG, LLP
1472 North Fifth Street, Suite 201

Laramie, WY  82072
Telephone: (307) 742-6645
Fax:  (307) 742-7766
cma@a-hlaw.com
gbw@a-hlaw.com
Attorneys for Plaintiff Teton Millwork Sales

## Certificate of Service

I hereby certify that on June 15, 2007, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Gary R Scott:  gscott@hirstapplegate.com

Amanda Marie Gundlach:  agundlach@hirstapplegate.com

/s/ Charles M. Aron
Charles M. Aron

ARON and HENNIG, LLP
1472 North Fifth Street, Suite 201
Laramie, WY  82072
Telephone: (307) 742-6645
Fax:  (307) 742-7766
cma@a-hlaw.com
Attorney for Plaintiff Teton Millwork Sales