C.M. Aron
Galen B. Woelk
ARON and HENNIG
1472 North Fifth Street, Ste. 201
Laramie, WY  82072
Telephone: (307) 742-6645
Facsimile:  (307) 742-7766
ATTORNEYS FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| TETON MILLWORK SALES,  )<br>a Wyoming corporation  )<br>  )<br>            Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>ROGER SCHLOSSBERG,  )<br>  )<br>            Defendant.  ) | No. 07-CV-014J |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**COMES NOW** Plaintiff TETON MILLWORK SALES, by and through its attorneys, ARON and HENNIG, LLP, and pursuant to Rules 26, 33, 34 and 37, F.R.C.P., and Rules 37.1(c), 37.2(b) and 34.1(c)(5), U.S.D.C.L.R., hereby moves the court to compel a response and the production of documents by Defendant, ROGER SCHLOSSBERG, to PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS;

A. *Facts and Procedure*.

1. On May 9, 2007, Defendant was served with PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ROGER SCHLOSSBERG. Plaintiff sought answers and information relevant to Defendant's course of dealings with the Laramie, Wyoming law firm of *Prehoda, Leonard and Janack*. On June 11, 2007, Defendant objected to Plaintiff's interrogatory, asserting that it requested privileged communications between Defendant and his attorney. Attached to this motion as Appendix A are the relevant pages of Defendant's response, which further identify the discovery sought by Plaintiff.

2. On June 29, 2007, Defendant served Plaintiff with DEFENDANT'S PRIVILEGE LOG, identifying those documents withheld by Defendant, and about which Defendant asserts the attorney-client privilege. Attached to this motion as Appendix B is DEFENDANT'S PRIVILEGE LOG, which identifies those documents Plaintiff seeks to compel.

3. Defendant Roger Schlossberg alleges he was acting "at the behest of" a West Virginia Family Court as a *Trustee* and subsequently as a *Special Receiver* of the assets of Michael Palencar and Plaintiff Teton Millwork Sales at all times relevant to his course of dealings with *Prehoda, Leonard and Janack*. *See* paragraphs 4 and 5 of the AFFIDAVIT OF ROGER SCHLOSSBERG, attached to this motion as Appendix C, [and filed with this Court on January 19, 2007, attached to that document entitled DOCUMENTS REFERENCED IN DEFENDANT'S MOTION TO DISMISS].

4.  Defendant has failed to comply with 34.1(c)(5), U.S.D.C.L.R., in that he has not provided any explanation as to how an *attorney / client* privilege could be asserted by Roger Schlossberg individually, or in his capacity as a trustee or special receiver of Michael Palencar and Plaintiff's assets, when the person or entity for whom he was acting as a fiduciary has requested disclosure of said information.  That is, on the basis of the divorce court order through which Schlossberg claims authority, Schlossberg asserts he was acting as trustee or receiver for the assets of Teton.  As such he would be acting as a fiduciary for Teton.  Teton, which was not a party to the divorce, denies that Sclossberg had any authority whatever over Teton's corporate assets.  If Schlossberg now denies he was acting as a fiduciary for Teton itself, it is unavoidable that he was acting as a fiduciary for the parties to the divorce, including Michael Palencar, a Teton shareholder.  Attached hereto as Appendix D is the WAIVER OF ATTORNEY-CLIENT PRIVILEGE from Michael Palencar.

**B.**     *Points and Authorities*.

In support of its claims of fraud and abuse of process, Plaintiff seeks discovery of Schlossberg's communications with individuals in the State of Wyoming which are relevant to Schlossberg's unauthorized seizure of Plaintiff's assets. The information requested is within the scope of F.R.C.P. 26(b)(1).  Schlossberg has responded that his communications with a Wyoming attorney regarding his seizure of the corpus of the trust for which he was a trustee or special receiver are privileged.

Schlossberg's privilgege claim is negated by the *Garner Doctrine*. As set forth in *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970) and its progeny [including *Riggs National Bank of Washington, D.C. v. Zimmer*, 355 A.2d 709 (Del. Ch. 1976); *Wachtel v. Health Net, Inc.*, 482 F.3d 225 C.A.3 (N.J.), 2007; and *Osage Nation and/or Tribe of Indians of Oklahoma v. United States*, 66 Fed. Cl. 244, (2005)], a fiduciary exception to the attorney-client privilege precludes Schlossberg's claim of privilege. "The fiduciary exception to the doctrine of attorney-client privilege excludes from the protection of the privilege communications between trustees and their attorneys that relate to fiduciary matters." *Cobell v. Norton*, 226 F.R.D. 67, at ¶ 10 ( D.D.C. 2005), citing *Cobell v. Norton*, 212 F.R.D. 24, 27 (D.D.C.2002).

Pursuant to this fiduciary exception, under the guise of an attorney-client privilege a trustee cannot subordinate to his own private interest his fiduciary obligation owed to each of the various beneficiaries of the trust. *Halbach v. Great-West Life & Annuity Insurance Company*, 2006 WL 3803696 (E.D. Mo., 2006), citing *Riggs National Bank*, 355 A.2d at 714. In the same context, a trustee's communications with an attorney are not privileged unless the communications pertain to **non-fiduciary** matters. "That is, the privilege may apply only 'where a trustee seeks legal advice *solely* in his own personal interest or where the discovery material has been shown to relate exclusively to non-fiduciary matters.'" *Id.* (emphasis in original). Legal analysis supporting the exception is based on the specific

identification of those to whom the trustee was obligated at the time of the particular communications. A trustee properly executing his legal duties acts only on behalf of the trust beneficiaries. *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 232 C.A.3 (N.J.), 2007. It is the trust's beneficiary who is the "client" with respect to application of the "attorney-client" privilege. The trustee himself is <u>not</u> the client. *Id.* For this very reason, the exception prevents Schlossberg from asserting the privilege, particularly where the content of his communications and "strategies" were for the benefit of the trust and the advice Schlossberg received from the attorney was paid for with trust assets. *See Id.* Significantly, at the time Schlossberg made and received communications to and from the Wyoming attorneys, there was no pending adversarial proceeding against Schlossberg, such that he had no need to seek personal legal advice. *See Id.*

The *Cobell* Court has held that it is the "proponent of the privilege who bears the burden of demonstrating that all elements necessary for application of the attorney-client privilege are present and that the fiduciary exception does not apply to the communications at issue." *Cobell v. Norton*, 226 F.R.D. 67, [10] D.D.C. 2005. To date, Schlossberg has stated only that the information is privileged because it calls for "privileged communications between Defendant and his attorney." It would contradict Schlossberg's own position were he to subsequently argue that his communications with the Wyoming attorneys were made for any purpose other than those he has previously alleged were conducted in his capacity as

a trustee or special receiver of assets belonging to Michael Palencar and/or Teton. As a federal district court of New York has aptly stated:

> [A] fiduciary's duty to exercise [his] authority without veiling [his] reasons from the grantor of that authority outweighs the fiduciary's interest in the confidentiality of [his] attorney' communications . . . [B]ecause of the mutuality of interest between the parties, the faithful fiduciary has nothing to hide from the beneficiary. *Quintel Corp., N.V. v. Citibank*, N.A., 567 F. Supp. 1357, 1363 (S.D.N.Y. 1983).

In the present action, Schlossberg has everything to hide, as his communications and "strategies" could very well evidence his culpability for fraud and abuse of process. Those communications are properly discoverable in this action.

C. *Conclusion*.

For the reasons set forth above, Schlossberg's communications in his capacity as trustee or special receiver are discoverable, and are properly excepted from any claim of privilege. Therefore, Plaintiff prays for this Court's Order commanding Defendant Schlossberg (1) to fully and specifically answer Plaintiff's Interrogatory No. 5; and (2) to disclose all communications between Defendant and the law firm of *Prehoda, Leonard and Janack*, including those documents described in DEFENDANT'S PRIVILEGE LOG.

## Rule 37.1(b) Certificate

Plaintiff's counsel certifies that on July 2, 2007 and thereafter he communicated by email and orally in with Defendant's counsel in a good faith effort to secure the discovery

from Defendant Schlossberg without Court action. Defendant's counsel has indicated the information sought will not be provided without Court order.

Dated this 7th day of August 2007.

       /s/ Charles M. Aron
Charles M. Aron
Galen B. Woelk
ARON and HENNIG, LLP
1472 North Fifth Street, Suite 201
Laramie, WY  82072
Telephone: (307) 742-6645
Fax:  (307) 742-7766
cma@a-hlaw.com
gbw@a-hlaw.com
Attorneys for Plaintiff Teton Millwork Sales

### Certificate of Service

I hereby certify that on August 7, 2007, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Gary R Scott:  gscott@hirstapplegate.com

Amanda Marie Gundlach:  agundlach@hirstapplegate.com

       /s/ Charles M. Aron
Charles M. Aron
ARON and HENNIG, LLP
1472 North Fifth Street, Suite 201
Laramie, WY  82072
Telephone: (307) 742-6645
Fax:  (307) 742-7766
cma@a-hlaw.com
Attorney for Plaintiff Teton Millwork Sales