GARY R. SCOTT
AMANDA M. GUNDLACH
HIRST APPLEGATE, P.C.
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003
(T) 307-632-0541
Fax 307-632-4999

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TETON MILLWORK SALES, a Wyoming corporation, | } } } | |
| Plaintiff, | } } | |
| vs. | } } | Civil No. 07-CV-014J |
| ROGER SCHLOSSBERG, | } } | |
| Defendant | } | |

## DEFENDANT'S SUPPLEMENTAL AUTHORITY REGARDING THE BARTON DOCTRINE

Although the majority of the cases that have applied the "Barton Doctrine" announced by the United States Supreme Court in the case of *Barton v. Barbour*, 104 U.S. 126 (1881) have involved a trustee appointed by a United States bankruptcy court, the Doctrine is not limited in its application to federal bankruptcy cases. The seminal case itself was a state court action, and over the years the Doctrine has been extended to cases involving a bankruptcy trustee. "Barton involved a receiver in state court, but the circuit

HIRST APPLEGATE
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

{00087849.DOC}

courts have extended the Barton doctrine to lawsuits against a bankruptcy trustee." *Muratore v. Darr*, 375 F.3d 140 (1st Cir. 2004). And in fact, our very own Wyoming Supreme Court has applied the Barton Doctrine in a non-bankruptcy setting.

In the case of *Tibbals v. Graham*, 97 P.2d 673 (Wyo. 1940), (copy attached) the Plaintiffs filed a complaint in Fremont County District Court against Defendant Marshall Graham. Plaintiff was attempting to recover possession of some mining claims, and the Defendant had been appointed as receiver of the Midwest Mines Corporation in another state court action presided over by another judge. The receiver Graham filed a motion to dismiss the action because there was no allegation in the Plaintiff's complaint that the Plaintiff had obtained leave from the court that had appointed Graham as receiver. That motion was granted by the district court, and the complaint was dismissed, with that dismissal being appealed by the Plaintiff.

Upon appeal, the Wyoming Supreme Court affirmed the dismissal of the complaint and cited specifically to the *Barton v. Barbour* case as authority. The Wyoming Supreme Court reasoned that because no consent to sue the receiver had been first obtained by the Plaintiff before the action was brought, the dismissal of the complaint was proper. The Court seemed to recognize an exception when the claim made against a receiver does not involve the administration of the trust that had been committed to the receiver, but instead arises from the receiver having taken unlawful possession of property not included in the trust. The Court, however, indicated that a receiver can never be treated as a "trespasser

HIRST APPLEGATE
A Professional Corporation
Law Offices
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 2 -

for selling property in his possession pursuant to the order of the court by which he was appointed." *Tibbals v. Graham, supra.*, at 176, 177. That exception does not apply to the instant case. In the instant case, Defendant Roger Schlossberg had been authorized by the Family Court of Jefferson County, West Virginia to obtain possession of all assets of Michael Palencar, whether those assets were held in his name or "in the name of any other entity, including, . . . Teton Millwork Sales."

In this case Plaintiff is alleging that Defendant acted improperly, without jurisdiction, and outside the scope of the directives of the Family Court. If all that was required for the plaintiff to avoid the Barton Doctrine was to make such allegations, the Doctrine would be rendered ineffective. Such claims involve the types of issues which should be brought before the court that appointed the receiver involved. Defendant respectfully suggests that matters relating to the conduct of a court appointed receiver are better deferred to the jurisdiction of the appointing court. The appointing court would thereby be able to monitor the work and conduct of its receivers and trustees more effectively. *Muratore v. Darr, supra.*, at 147.

For these reasons, and based upon this additional authority, Defendant Roger Schlossberg moves for the dismissal of the Plaintiff's Complaint.

HIRST APPLEGATE
A Professional Corporation
Law Offices
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 3 -

Dated: 26 September 2007.

        ROGER SCHLOSSBERG, Defendant

BY: _/s/ Gary R. Scott_
GARY R. SCOTT, #5-1939
HIRST APPLEGATE, P.C.
Attorneys for Defendant
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003
(307-632-0541)

### CERTIFICATE OF SERVICE

I certify the foregoing *Defendant's Supplemental Authority Regarding the Barton Doctrine* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 26 September 2007, and that copies were served as follows:

C. M. Aron
Aron and Henning, LLP
1472 North 5th Street, Suite 201
Laramie, WY 82072

[ ] U.S. MAIL
[ ] FED EX
[ ] FAX
[ ] HAND DELIVERED
[✓] ELECTRONIC MAIL

_/s/ Gary R. Scott_
OF HIRST APPLEGATE, P.C.
Attorneys for Defendant

HIRST APPLEGATE
A Professional Corporation
Law Offices
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 4 -

LexisNexis® Total Research System

Switch Client | Preferences | Sign Off | ? Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Dossier | History

Service: Get by LEXSEE®
Citation: 97 p2d 673

55 Wyo. 169, *; 97 P.2d 673, **;
1940 Wyo. LEXIS 3, ***

TIBBALS ET AL. v. GRAHAM ET AL.

No. 2129

SUPREME COURT OF WYOMING

55 Wyo. 169; 97 P.2d 673; 1940 Wyo. LEXIS 3

January 9, 1940, Decided

**SUBSEQUENT HISTORY:** [***1] Rehearing Denied March 5, 1940.

**PRIOR HISTORY:** APPEAL from the District Court, Fremont County; C. D. MURANE, Judge.

Suit by Barney N. Tibbals and another against Marshal Graham, as received of the Midwest Mines Corporation, and as receiver appointed in case 4561 of the District Court of Fremont County, Wyo., and as asserted receiver for the Federal Gold Mining Company, and others to recover possession of certain mining claims and for other relief. From a judgment dismissing their action and an order denying their motion to vacate the order of dismissal, plaintiffs appeal.

**DISPOSITION:** Affirmed.

**CORE TERMS:** receiver, appointing, permission, receivership, railroad, appointed, vacate, specification, useless, preside, possession of property, mining claims, appearing, mining, entitle, decree, careful examination, trespasser, announced, perusal, necessary to maintain, actual possession, recover possession, following language, notice of appeal, mere trespasser, antecedent, interfere, procured, chancery

**HEADNOTES**

COURTS--RECEIVERS--SUITS AGAINST--CONSENT OF APPOINTING COURT NECESSARY--MOTION TO DISMISS.

1. Ordinarily, a receiver cannot be sued without consent of the court which has appointed him.

2. The court is bound to protect a receiver against useless litigation.

3. Where purpose of a suit against a receiver is to interfere with actual possession of receiver, leave of the receivership court to sue is necessary to maintain the suit.

4. A motion to dismiss a suit against a receiver of a mining corporation to recover possession of mining claims allegedly in receiver's possession was properly sustained where plaintiffs had not obtained consent of receivership court to sue receiver before bringing suit.

5. An order of a judge of a district court wherein a receiver had been appointed giving plaintiff's permission to maintain a suit against receiver upon condition that any judge who might thereafter preside in plaintiffs' suit should find that permission given should entitle plaintiffs to maintain the suit, left the matter of whether plaintiffs' suit could thereafter be maintained solely to discretion of any judge who might thereafter preside, and hence another district judge could subsequently properly deny plaintiffs' motion to vacate antecedent order dismissing case where such judge was protecting receiver against useless litigation.

**COUNSEL:** For the appellants, the cause was submitted on the brief of John J. Spriggs of Lander.

No consent of the appointing court is necessary to sue a receiver when he is a trespasser. 23 R. C. L. 125; Hill v. Parker, 111 Mass. 508; Walling v. Miller, 108 N. Y. 173, 15 N. E. 65. Constitutional rights are not dependent upon a court or judge. Re Hollen Parker, 131 U.S. 221. Courts are always open for the correction of wrongs to persons or property. Article I, Sec. 8, Wyo. Const. The dismissal of the action violates Article I, Sec. 6, Wyo. Const. Plaintiffs were not parties to case No. 4561 and are not bound thereby. [***2] Bolln Company v. Irr. Company, 19 Wyo. 542. Liens are limited to leaseholds. National Company v. Stanton, 35 Wyo. 224. Tibbals cannot be denied equal protection of the law. Poston v. Delfelder, 39 Wyo. 163. Courts are mere instruments of the law. Osborn v. Bank, 9 Wheat. 738. The court was without jurisdiction to appoint a receiver. McCutheson v. Superior Court, 24 Pac. (2d) 913. His acts are therefore void. Taylor v. Taylor, 45 Pac. (2d) 603; Dillard v. Franklin, 57 Pac. (2d) 631. The property involved is being confiscated. Central Ry. v. Marsh, 59 Fed. (2d) 61. Title of property of a deceased person cannot be deraigned, except through the probate code. Tolan v. Earl, 61 Pac. 914. Graham was appointed receiver of the lessee's interest. He had no lawful authority to sell the property. Bank v. Enis, 44 Wyo. 514; Waechter v. Wilde (Wyo.) 38 Pac. (2d) 323. Court permission is unnecessary to sue for a rejected claim. Sec. 89-3610, R. S. Courts are bound by the Constitution. The petition alleges facts showing that defendant receiver is a trespasser. An act in conflict with a statute is void. State v. District Court, 33 Wyo. 281. Graham's refusal to adopt the lease was approved by the court, [***3] which removes the lease from the receiver. Graham is not a receiver for the Federal Gold Mining Company. Courts cannot create facts by judicial assertion. Parties are entitled to notice of court proceedings affecting their property. Barret v. Oakley, 40 Wyo. 449; Clinton v. Elder, 40 Wyo. 350. The trial court was disqualified by an affidavit of prejudice. Sec. 89-1101, R. S. 1931; Huhn v. Quinn, 35 Wyo. 51; Washakie Company v. Meigh, 33 Pac. (2d) 925; State v. Fullerton, 183 Pac. 979. Graham, the receiver, decided his own claims and denied the plaintiffs' claims, which was lawful. Cooley Constitutional Limitations 592. A judge is prohibited from trying a case in which he is prejudiced. State v. Martin, 256 Pac. 690. The probate court is not a court of equity. Parr v. Reyman, 12 Pac. (2d) 440. A court cannot appoint a receiver for an administrator, Dillard v. Franklin, 57 Pac. (2d) 631, nor appoint a receiver to distribute the estate of a dead man. Tolan v. Earl, 61 Pac. 914. No attempt was made to appoint Graham receiver for any one other than the Midwest Company, the lessee. Courts are not exempt from civil liability for their acts. Moon v. Shaw, 15 R. C. L. 543. Graham was merely [***4] a receiver pending litigation and did not acquire title. 23 R. C. L. 53; Hastin Receiver v. Lincoln Trust, 197 Pac. 627; Bank v. Cook, 12 Wyo. 492. The receiver could have no rights superior to the Midwest. Nicholson v. Western Loan, 60 Fed. (2d) 577. The receiver had no defense whatsoever. First National Bank v. Cook, 12 Wyo. 492. The trial court proceeded contrary to established law. A lien is not an interest in property. 18 R. C. L., Sec. 104, p. 962. Liens are created by statute. Acheson v. Albuquerque, 29 Pac. (2d) 716. An action to foreclose a lien must be brought in the statutory time. Secs. 66-518, 617; Securities Company v. Daze, 17 Pac. (2d) 1049. The statutory method for perfecting liens is exclusive. The lien should be confined to the leasehold. Supply Company v. Weaver, 35 Wyo. 224; 40 C. J. 147, 148. The order confirming the sale was a final judgment. 16 R. C. L. 83. The title of Tibbals adjudicated in case No. 4182 was in rem. Goodman v. Cretcher, 294 Pac. 868; Matthews v. Nefsy, 13 Wyo. 458; Lessees of Gringon, 43 U.S. 335, 11 L. Ed. 290; Forest v. Intermountain Bldg. Loan, 65 Pac. (2d) 383 and cases cited. The property was in the custody of the law before a receiver [***5] was appointed and before the Midwest lessees

acquired the lease. The Midwest Company was bound by all prior litigation. Klien Company v. Thompson, 63 Pac. (2d) 453; Howard v. Fischer, 283 Pac. 1042; Galeener v. Reynolds, 69 Pac. (2d) 49. We believe that the Supreme Court under its supervisory power, should now exercise such power in this case, and issue proper orders to prevent the confiscation of the property of plaintiffs, without due process of law, and to cause justice, as formerly adjudged by this court on appeal in case No. 4182, to be done. The trial court erred in dismissing the case as set forth in the first specification of error, and refusing to vacate said order as set forth in the second specification of error.

For the defendants and respondents, the cause was submitted on the brief and oral argument of George F. Dobler and H. S. Harnsberger of Lander.

Plaintiffs' action was in the nature of ejectment against Marshal Graham, Receiver. Plaintiff contends that the court committed error in its judgment of February 15, 1939, dismissing plaintiffs' action and taxing costs against the plaintiffs. The purpose of plaintiffs' action being to interfere with the possession [***6] of the receiver, it could not be maintained with the consent of the receiver. 2 Tardy's Smith on Receivers, 2010, 2012, 2019 and 2027; 1 Clark on Receivers 753. The authorities are uniform in supporting the above rule, unless such suits be authorized by statute. Wiswall v. Sampson, 55 U.S. 52; Barton v. Barbour, 140 U.S. 126; Buchanan v. Hicks, 34 L. R. A. (N. S.) 1203; Commonwealth Bonding & Casualty Company (Tex.) 192 S. W. 611. The granting of leave to sue on behalf or against a receiver is within the discretion of the court. 2 Tardy's Smith on Receivers 754-2038. The additional point urged by appellant in error in denying plaintiffs' motion for an order vacating the prior order and judgment of February 15, 1939, dismissing plaintiffs' action. This motion sought leave to amend their petition as to matters occurring subsequent to the commencement of the action, which, of course, should be brought into the record only by supplemental pleading. Phillips Code Pleading 299. The order made by Judge Tidball on February 27, 1939, granting permission to continue the action was conditioned upon a finding, by any other judge who might preside in the case, that plaintiffs were entitled to continue [***7] the action. Their petition could not be amended by alleging matters occurring subsequent to the commencement of the action. 4 C. J. 799; Hornfager v. Hornfager, 6 How. Practice (N. Y.) 13. The allowance or refusal of amendments is discretionary. Postlethwaite v. Minor (Cal.) 142 Pac. 55; Allen v. Land Company (Cal.) 143 Pac. 253; Insurance Company v. Crane (Okla.) 128 Pac. 260. There is no allegation in the petition that plaintiffs' claims were rejected by the receiver. Receivers are not to be subjected to useless or unnecessary litigation. Neiderjohn v. Thompson, 38 Wyo. 28. Appellants seek to make a part of the record, files in several cases which are referred to only by title or number and not set out in the pleadings. This cannot be done. Sidlo, Simmons Co. v. Phillips, 48 Wyo. 390. For the purpose of showing that this action is brought for the purpose of delay, we direct the court's attention to the case of Tibbals et al. v. Graham et al., 50 Wyo. 277. Defendant, as an officer of the court, should not be burdened with this useless and costly litigation. For the above reasons, respondent submits that both orders appealed from should be affirmed.

**OPINION**

[*174]  [**674]  [***8] PER CURIAM.

These proceedings by direct appeal seek the review of a judgment of the district court of Fremont County, dismissing appellants' action, and also an order made by said court declining to set aside said judgment. The parties will be referred to hereinafter as aligned in that court or by their respective names. The record submitted discloses the following facts:

The plaintiffs, Barney N. Tibbals and John J. Spriggs, brought suit in the district court aforesaid on December 15, 1938, to recover immediate possession of certain mining claims described in their petition, these properties being alleged to be in the possession of the defendant, Marshal

Graham, as receiver of the Midwest Mines Corporation. Recovery of alleged damages is also sought in the action against the defendants, who are designated in plaintiffs' petition as "Marshal Graham, as Receiver of the Midwest Mines Corporation, and as receiver appointed in case 4561 of the District Court of Fremont County, Wyoming, and as asserted receiver for Federal Gold Mining Company, a corporation, and Morris K. Wilson, George C. Wilce, Gladys Spry Augur, as executors of the estate of John C. Spry, deceased, and Marshal Graham. [***9] " Plaintiffs further ask that an accounting be had between them and said receiver; that plaintiffs' title to said properties be quieted; that defendants be enjoined from asserting any further right, title or interest in said premises and from further trespassing on plaintiffs' rights and properties during the pendency of the action.

Thereafter and on January 28, 1939, by his motion [*175] filed in the district court aforesaid, said Receiver asked that an order be made dismissing the action mentioned above because there was no allegation in plaintiffs' petition that before the action was begun they had obtained due leave from the court appointing that official to institute and maintain it against him in that capacity, and that in fact such permission was never procured. On that date also Graham filed his individual answer, in form a general denial relative to said petition.

February 14, 1939, there was filed by plaintiffs an application for permission to continue the above entitled action against the said Receiver. The following day, to-wit, February 15th, counsel for all parties agreeing that the Honorable C. D. Murane, Judge of the Seventh Judicial District, might hear and decide [***10] the motion of the Receiver as aforesaid, after argument thereof, an order was entered sustaining said motion and dismissing plaintiffs' action at their cost. On February 23rd following, plaintiffs served and filed their notice of appeal to this court from said order.

Thereafter and on March 3, 1939, plaintiffs filed in said court their motion to vacate the order of dismissal just described and for permission to amend their petition by [**675] inserting an allegation that Hon. V. J. Tidball, Judge of the Second Judicial District, and presiding in Case No. 4561 of the District Court of Fremont County, Wyoming, wherein the Receiver aforesaid had been appointed, had made an order that the plaintiffs might continue the action as above mentioned to its final conclusion. This order of Judge Tidball's was set forth at length in plaintiffs' motion to vacate the order made by Judge Murane. Thereby it appears that it was ordered on February 27, 1939 that, "permission be given to said Barney N. Tibbals and John J. Spriggs, to continue and maintain said action No. 5651 to its final conclusion, upon condition, however, that the said [*176] Honorable C. D. Murane, presiding in said case [***11] No. 5651, or any other judge who may hereafter preside therein shall find that the permission hereby given shall entitle said Barney N. Tibbals and John J. Spriggs to maintain and continue said action as now filed."

Plaintiffs' motion last above referred to, after argument by counsel had, was on March 15, 1939, by the court denied, Judge Murane presiding, and from this order plaintiffs also served a notice of appeal, which was filed March 21, 1939.

Subsequently and on April 12, 1939, appellants filed alleged specifications of error, two in number, the first one being to the effect that the court committed error in its order and judgment passed on February 15, 1939, dismissing the action of plaintiffs and taxing costs against them. Attached to this specification of error are some twenty-four alleged reasons and arguments relative thereto. The second assignment of error claims error on the part of the trial court in denying plaintiffs' motion to vacate the antecedent court order dismissing the case, made as related above, and attached to this specification of error are the same alleged reasons theretofore set forth concerning specification of error No. 1 and an additional specification, [***12] in purport that Judge Tidball had consented that the action might be maintained.

A careful examination of plaintiffs' pleading makes it plain that this action is one whose purpose is to take from the possession of the Receiver, Marshal Graham, the mining property

mentioned above as placed in his custody by the District Court of Fremont County. It appears to be the chief contention of appellants, many times repeated in their brief and argument, that Graham, as an official of the District Court is a mere trespasser in holding and dealing with the property involved in this litigation, and the proposition is advanced, as stated in 23 R. C. L. 126, Section 134, that, [*177] "a receiver may, of course, be sued without leave of court, when he is a trespasser." The quotation thus appearing in plaintiffs' brief does not go further. But upon perusal of the text just mentioned, we find therein appended to the statement aforesaid the following language:

"as, for instance, where the demand against him does not involve the administration of the trust committed to him, but merely arises from his having taken unlawful possession of property not included in the trust. But a receiver can never [***13] be treated as a trespasser for selling property in his possession pursuant to the order of the court by which he was appointed."

The text aforesaid cites in support of what is thus said two cases, viz., Hills v. Parker et al., 111 Mass. 508, 15 Am. Rep. 63; and Barton v. Barbour, Receiver, 104 U.S. 126, 26 L. Ed. 672. With the law as announced in those cases as applied to the facts therein appearing no controversy can be had.

The case of Hills v. Parker et al. was one where it was held that the owner of a railroad locomotive could maintain replevin for it against the agent of a railroad corporation whose property was in the hands of receivers, without obtaining leave of the court appointing them, if the corporation had no interest in the engine although used on the corporation's railroad line. The true import of the decision appears, when considered in the light of these facts and the following language from the opinion of the Supreme Judicial Court of Massachusetts in the case:

"The decree of a court of chancery appointing a receiver entitles him to its protection only in the possession of property which he is authorized or directed by the decree to [***14] take possession of. When he assumes to take or hold possession of property not embraced in the decree appointing him, and to which the debtor never had any title, he is not acting as the officer or representative of the court of chancery, but is a mere [*178] trespasser, and the rightful owner of the property may sue him in any appropriate form of action for damages or to recover possession of the property illegally taken or detained."

[**676] The Barton v. Barbour case was an action for personal injuries by Frances Barton against a railroad receiver, one Barbour. These injuries had been incurred by her due to the derailment of a car in which she was a passenger in consequence of a defective rail in a railroad owned by the corporation in the hands of Barbour as such receiver. The latter pleaded that he was receiver of the railroad and that leave to sue him had not been procured by the plaintiff from the court appointing him. Plaintiff demurred to this plea and the trial court thereupon overruled the demurrer and entered judgment against plaintiff for costs. Affirming this ruling the national Supreme Court remarked in the course of its opinion:

"A suit, therefore, brought [***15] without leave to recover judgment against a receiver for a money demand, is virtually a suit, the purpose of which is and effect of which may be to take the property of the trust from the receiver's hands and apply it to the payment of the plaintiff's claim, without regard to the rights of other creditors or the orders of the court which is administering the trust property. We think, therefore, that it is immaterial whether the suit is brought against the receiver to recover specific property or to obtain judgment for a money demand. In either case leave should be first obtained."

In Neiderjohn v. Thompson, 38 Wyo. 28, 264 P. 699, this court adverting to the general rule in receivership cases, requiring Court leave before suit brought, also pointed out that ordinarily a receiver could not be sued without the consent of the court appointing him, and it was there said that: "The court is bound to protect a receiver against useless litigation." See, also, High

on Receivers, (4th Ed.) 293-294, Section 254.

[*179] In II Tardy's Smith on Receivers (2d Ed.) 2027, the text states:

"From a consideration of the decisions on this subject it is apparent that those holding [***16] that leave of the receivership court is essential to jurisdiction and those holding that want of such leave is not jurisdictional and merely constitutes an irregularity are not capable of being harmonized. The decisions are uniform, however, to the effect that where the purpose of the suit is to interfere with the actual possession of the receiver, leave of the receivership court to sue is necessary to maintain the suit."

This statement is supplemented by the same authority (Volume I, Page 222) in this wise:

"A claimant of real estate in the possession of a receiver will not be permitted to bring an action of ejectment against the receiver without leave of court, and the court will not as a rule allow such an action to be brought in a court other than that of the receivership."

In Tibbals v. Graham, Receiver of Midwest Mines Corporation, et al., 50 Wyo. 277, 62 P. (2d) 285, this court, speaking of the very property again attempted to be interfered with by the instant litigation, said:

"The record shows that the property was in the hands of the receiver and therefore in custody of the law. Even though plaintiffs had the prior valid lien, they were bound to recognize [***17] the fact of which they were well aware that the property was in custodia legis."

Applying the principles announced by these authorities to the facts appearing in the record before us, it is clear that the decision of the District Court relative to respondents' motion to dismiss plaintiffs' action was correct and that this is so for a number of reasons. No consent to sue the Receiver, Graham, had been first obtained by the appellants before the action was brought. The effect of their action if allowed, assuming [*180] that it could be successful, would be to deprive the District Court of the administration of this property in the hands of its officer and prevent the court from marshaling the claims, including that of plaintiffs, as regards such property or the proceeds thereof and doing justice as between all concerned. The action at this time, being reviewed, is but an attempted relitigation of the same matters as were fully considered in Tibbals v. Graham, supra, and which were after thorough and careful examination determined against appellants. That this is the exact situation a perusal of the several opinions in that case will readily establish.

Concerning the [***18] second assignment of error, we are obliged to rule that it also is without merit. It is quite evident that the conditional consent in the order made by Judge Tidball left the matter of whether the appellants' action might thereafter be maintained solely to the discretion [**677] of Judge Murane "or any other judge" who might thereafter preside in the instant case. Judge Murane, following the rule laid by this court in Neiderjohn v. Thompson, supra, by ruling as he did upon appellants' motion to vacate the preceding order and judgment of February 15, 1939, was simply protecting the Receiver, Graham, against "useless litigation." As already pointed out, the present action was merely an attempt to relitigate matters already concluded by final disposition in the District Court of Fremont County and affirmed by this Court.

As we understand the matter no one disputes the prior lien claim of plaintiffs to the property affected or its proceeds if sold and if appellants will, without further delays like that caused by the attempted maintenance of the instant case, simply permit the District Court of Fremont County to proceed to sell (assuming that a purchaser can be found) [***19] the property involved and in the Receiver's charge herein and then proceed to adjudge their claim to the avails of said property, as [*181] determined in our decisions in Tibbals v. Keys, 40 Wyo. 524, 281 P. 190, and Tibbals v. Graham, Receiver, supra, this long drawn out controversy

touching these mining claims should be speedily ended to the manifest advantage of every one concerned.

The judgment and order of the District Court of Fremont County drawn in question by this appeal must be affirmed.

*Affirmed*.


Service: **Get by LEXSEE®**
Citation: **97 p2d 673**
View: Full
Date/Time: Wednesday, September 26, 2007 - 10:39 AM EDT

* Signal Legend:
● -  Warning: Negative treatment is indicated
[Q] -  Questioned: Validity questioned by citing refs
⚠ -  Caution: Possible negative treatment
◆ -  Positive treatment is indicated
🅰 -  Citing Refs. With Analysis Available
🄸 -  Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.


My Lexis™ | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help

 **LexisNexis**
About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

▲Explore   Page  Select a Reporter          ⌄ Doc ⌄ of  1 ▶  ⌄ Term ⌄ of ___ ▶