C.M. Aron
Galen B. Woelk
ARON and HENNIG
1472 North Fifth Street, Ste. 201
Laramie, WY  82072
Telephone: (307) 742-6645
Facsimile:  (307) 742-7766
ATTORNEYS FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| TETON MILLWORK SALES, a Wyoming corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 07-CV-014J |
| ROGER SCHLOSSBERG, | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

**A.    Introduction**.  Schlossberg asserts the "Barton Doctrine" as authority for his premise that this Court lacks subject matter jurisdiction herein.  Schlossberg did not include this assertion in his initial Rule 12 motion to dismiss, then raised it three times by filings made without leave of Court:  *Supplement to Defendant's Memorandum,* May 22, 2007; *Reply to Plaintiff's Motion to Strike,* June 1, 2007; *Motion to Stay Discovery,* June 1, 2007.

On September 26, 2007, also without leave of Court, Schlossberg filed a fourth legal memorandum to supplement his supplemental filings. In response, Teton incorporates by reference its previous argument and authority as it pertains to Schlossberg's immunity argument, set forth in PLAINTIFF'S BRIEF IN OPPOSITION.

**B.     Argument.**

1.     *The Barton Doctrine Does not Apply.*

The *Barton Doctrine* was created as a means to prevent competing creditors from obtaining an advantage over each other by attacking assets held by a receiver in a foreign court. *Barton v. Barbour*, 104 U.S. 126, 128 (1881). The Court reasoned that if a Plaintiff's action was <u>to recover property in the hands of a receiver</u>, it was necessary to obtain from the court who appointed the receiver leave to sue for recovery of that property. *Id.* In that instance, the requirement that a litigant [or creditor] obtain leave from the appointing court to sue the receiver was a jurisdictional requirement. *Id.* However, *Barton* clarified an exception to its own jurisdictional requirement, and explained why the *Barton Doctrine* was **not applicable** to the type of action Teton presently alleges here. As J. Woods stated in *Barton*:

> But if, by mistake or wrongfully, the receiver takes possession of property belonging to another, such person may bring suit therefor against him personally as a matter of right; for in such case the receiver would be acting ultra vires." *Barton* at 134.

This exception to the general rule of *Barton* has been recognized as a general principal in many states, and is referenced as dispositive of the jurisdictional issue when a receiver is sued for his actions taken outside the order of his appointment. See *Baker v. Denver Tramway Co.*, 210 P. 845, 847 (Colo.1922):

> The great weight of authority is to the effect that failure to obtain permission to sue a receiver does not affect the jurisdiction of the court in which the suit is brought. The contrary view is based on the case of *Barton v. Barbour*, which has been assumed to lay down a general rule on the subject. Such is not the case. The opinion, by Justice Woods, is , by its terms, limited to the facts in that case, and **no general rule can be derived from it**.
> *Baker v. Denver Tramway Co.*, 210 P. 845, 847 (Colo.1922), also referencing and adopting *Kinney v. Crocker*, 18 Wis. 74, 1864 WL 1202, and *Hills v. Parker*, 111 Mass. 508, 1873 WL 8908, (emphasis supplied).

Since the *Barton* decision in 1881, the doctrine has been utilized almost exclusively for federal bankruptcy oversight, and provides a bankruptcy court with jurisdiction over actions against a receiver so long as the various and other statutory exceptions to the *Barton Doctrine* do not apply. [*See*, 28 U.S.C. § 959(a), which provides in relevant part that receivers may be sued without leave of the court appointing them with respect to any of their acts or transactions in carrying on business connected with such property.]

The present action does not arise from a bankruptcy. Teton asserts *ultra vires* actions of a receiver appointed by a foreign court of *limited jurisdiction*. Teton does

not seek the type of remedies the *Barton Doctrine* limits. Teton (1) does not seek to interfere with the receiver's possession of any assets of the trust corpus – none exist; (2) does not seek to better its position against other creditors of the state action – there are none; (3) does not deprive the West Virginia court of its administration over the receiver and trust corpus – the action is closed; (4) does not prevent the West Virginia court from marshaling claims – none remain. Unlike the *Tibbals v. Graham* case cited by Schlossberg, Teton is not relitigating any matters that were at issue in the West Virginia divorce.

As discussed below with regard to the jurisdictional conclusion, "[t]he failure to obtain leave to sue a receiver at law is not a jurisdictional omission, or a defense to the action, at least where there is no attempt to interfere with actual possession of property which the receiver holds under the order of the court of [equity]." *Sigwald v. City Bank*, 64 S.E. 398, 400 (S.C., 1909). For this reason, *Barton* is not applicable and does not bar Teton's requested remedy at law. Schlossberg cites *Muratore v. Darr* as authority to permit application of the *Barton Doctrine* even where the receiver no longer possesses the trust assets. However, *Muratore*, much like the majority of cases cited by Schlossberg, is a federal bankruptcy case, where the Court is compelled to respond to and fashion remedies and exceptions as would be applied to federal bankruptcy law, with its particular requirements and statutory exceptions.

The *Barton Doctrine*, its applicability, and the issues of jurisdiction as they pertain to cases presided over by a bankruptcy court have no significance to a state court proceeding where the plaintiff has sued a receiver for fraud and abuse of process arising from actions taken outside the scope of his receivership.

   **2.**   ***This Court has Subject Matter Jurisdiction.***

As set forth above and referenced in *Baker v. Denver Tramway Co.,* state courts generally recognize that where there is no attempt to interfere with the possession of property placed in a receiver's possession, failure to receive permission from the appointing court is NOT a jurisdictional requirement. *See also, Walker v. Taylor*, 50 S.W.2d 590, 591 (Ark. 1932) ("although leave to sue a receiver is generally required, the great weight of authority is to the effect that failure to secure permission to sue a receiver appointed by a state court does not affect the jurisdiction of the court in which the suit is brought."), *see also, Shapiro v. Goldman*, 148 N.E. 217, 220 (Mass. 1925) ("By the weight of authority this matter of consent is not jurisdictional. When a receiver is personally liable for taking property not covered by the order of appointment, or for other acts in excess of his authority, this liability may be adjudged even though he is named in the action as a receiver."), *see also, Sigwald v. City Bank*, 64 S.E. 398, 400 (S.C. 1909) ("We do not think failure to obtain leave of court . . . can be regarded a jurisdictional defect, since no assault is made on the

receiver's possession, and no attempt is made which resulting in a judgment would interfere with or embarrass the administration of the receiver's trust or give any advantage as among distributees.").

A third party [such as Teton] whose claim is wholly a matter of law, is entitled to, and properly permitted to pursue all legal remedies that do not derive from the court of equity, or that court's order appointing a receiver. This is particularly so where the action is brought against the receiver in his individual capacity, for actions taken outside the scope of his receivership. See *Baker v. Denver Tramway Co.*, 210 P. 845 and *Hills v. Parker*, 111 Mass. 508, 1873 WL 8908. As the Massachusetts Supreme Court so aptly stated years ago:

> When [a receiver] assumes to take or hold possession of property not embraced in the decree appointing him, and to which the debtor never had any title, he is not acting as the officer or representative of the court of chancery, but is a mere trespasser, and the rightful owner of the property may sue him in any appropriate form of action for damages . . .
> *Hills v. Parker*, 111 Mass. 508, 1873 WL 8908, also quoted in *Zimmerman v. B & V Enterprises, Inc.*, 863 N.E. 2d 582, (MA Ct. App. 2007, *Unpublished*), and *Tibbals v. Graham*, 97 P.2d 673 (WY 1940).

In such an instance, and as the question was presented most recently to the Massachusetts Supreme Court, the issue becomes whether the receiver "assume[d] to take or hold possession of property not embraced in the decree appointing him, and to which the debtor never had any title." *Zimmerman*, 863 N.E. 2d at 582, quoting *Hills*, 111 Mass. at

511. If the receiver was not authorized to take possession of the property he seized, he was not justified in claiming or assuming possession of it. Therefore, the lawful owner of the property [Teton] may "assert his title before a jury in an action at common law." *Hills v. Parker*, 111 Mass. at 511.

    **3.**    ***Schlossberg Fails to Show the Exception Does Not Apply.***

Schlossberg acknowledges this exception set forth above and discussed in *Tibbals v. Graham*. He argues that the exception does not apply for two reasons. Neither is supported by the authorities he cites.

    a.    Schlossberg claims he "had been authorized by the Family Court of Jefferson County, West Virginia to obtain possession of all assets of Michael Palencar, whether those assets were held in the his name or 'in the name of any other entity, including . . . Teton Millwork Sales.'" [*Defendant's Supplemental Authority Regarding the Barton Doctrine,* p. 3].

If the West Virginia divorce court – of limited jurisdiction even within that state – could permit Schlossberg to obtain possession of Teton's assets in other states, it did not authorize Schlossberg to do so. It expressly gave such authority only if Schlossberg obtained ancillary jurisdiction, the process of which would have required notice to Teton and likely defeat of the effort. Any orders upon which Schlossberg could rely limited his scope of seizure to assets belonging to Palencar. As set forth in its complaint, Teton has alleged that Schlossberg acted outside the scope and purported authority of the orders. Schlossberg never obtained any form of ancillary jurisdiction in Wyoming or provided notice of attachment to

Teton. Schlossberg seized Teton Corporation's entire monetary holdings, when his only right, if any, would have been to attach the corporate shares held by Michael Palencar as a minority shareholder of the corporation.

Nothing in the West Virginia orders permitted Schlossberg to attach Teton's entire business holdings and deposit them into his trust. To the extent Schlossberg argues that any of Teton assets could be properly seized and deposited into trust, those assets could have totaled *no more* than Michael Palencar's minority interest, and would have required a distribution of the assets to Palencar. Just as Schlossberg would never have had authority or permission to seize all of the Microsoft Company's assets if Palencar owned stock in that corporation, he had no authority to seize all of Teton's accounts. It is this easily discernable concept that exemplifies Schlossberg's improper actions as an individual and *trespasser* of Teton's property and holdings. For this reason, the exceptions as set forth above apply, and permit Teton to pursue available remedies against Schlossberg in Wyoming, asserting claims based on Schlossberg's actions in Wyoming.

> b. Schlossberg claims Teton "is alleging [Schlossberg] acted improperly, without jurisdiction, and outside the scope of the directives of the Family Court. If all that was required for [Teton] to avoid the Barton Doctrine was to make such allegations, the Doctrine would be rendered ineffective." *Id*. at p. 3.

Schlossberg suggests the Rule 12 standard of review is of no significance when applied to him, and that Teton's allegations were somehow fashioned to avoid the very

general *Barton Doctrine* defense. At this stage of the proceedings, Schlossberg cannot be heard to assert that he did NOT act improperly or outside the scope of the West Virginia orders. Those are questions of fact, to be entertained and resolved at trial. If Schlossberg can refute those allegations at trial, only then would it be appropriate for him to assert the *Barton Doctrine* as a jurisdictional defense. Until then, the doctrine has no application. For purposes of Schlossberg's Rule 12 motion, the Court must take as true that Schlossberg was not acting within his authority as a receiver, and that Teton is not attempting to recover funds presently held by a receiver.

**4.   *West Virginia Lacks Jurisdiction Over Schlossberg's Acts in Wyoming.***

In his supplemental brief, Schlossberg urges this Court to dismiss the action against him since "matters relating to the conduct of a court appointed receiver are better deferred to the jurisdiction of the appointing court." [*Defendant's Supplemental Authority Regarding the Barton Doctrine,* p. 3]. Schlossberg's suggestion that the West Virginia Family Court would have any jurisdiction over Teton's claims of fraud and abuse of process is a legal fiction. Unlike a federal bankruptcy court, which has jurisdictional competence to entertain claims of fraud against a receiver it appointed, a West Virginia Family Court is a court of limited jurisdiction. See *W.V. Stat.* § 51-2A-2(d):

> A family court is a court of limited jurisdiction. A family court is a court of record only for the purpose of exercising jurisdiction in the matters for which the jurisdiction of the family court is specifically authorized . . . A family court

may not exercise the powers given courts of record . . . unless specifically authorized by the Legislature.")

Schlossberg's assertion of the *Barton Doctrine's* jurisdictional defense must presume that the Family Court which appointed him has jurisdiction to entertain claims against him for his actions taken outside the scope of the appointing orders. In the absence of the Family Court's jurisdiction, proper application of the *Barton Doctrine* is untenable, because the remedy the *Barton Doctrine* seeks to protect is unavailable and would effectively deprive Teton of its right to bring an action at law for damages.

Similarly, Schlossberg has no standing to assert a jurisdictional defense as a West Virginia Family Court Receiver acting in Wyoming. The authority of a receiver does not extend outside the jurisdiction of the appointing court, and is coextensive only with that of the territorial jurisdiction of the court appointing him. *First Nat. Bank v. Robinson* 107 F.2d 50, 54 (10th Cir.1939), *cited in S.E.C. v. Credit Bancorp, Ltd.*, 138 F.Supp.2d 512, 521 (S.D.N.Y.,2001).

For example, and in a pertinent case concerning appointment of a receiver in Vermont with respect to a litigant with property in Maine, the Second Circuit Court of Appeals stated:

> Of course he has no status as receiver outside Vermont, **and enjoys no more immunity than a private person**; but a court may authorize its receiver to gather information anywhere of what may be useful to him in the discharge of his duties. He may go there as co-tenant, or he may go merely because he is curious; but while he is there he will have no powers derived from the decree of the District Court of Vermont.

> *Amey v. Colebrook Guaranty Sav. Bank,* 92 F.2d 62, 65 (2d Cir.1937) (emphasis supplied).

In violation of the West Virginia Family Court's order of appointment, Schlossberg did not obtain ancillary jurisdiction in Wyoming. He therefore lacked any claim of title to Teton's property or assets. The order appointing him did not, and could not, transfer the assets of a Wyoming corporation. Schlossberg acted outside the scope of any orders from which he claims authority, and is in no better position than any other individual who came to the State of Wyoming and improperly and fraudulently divested a Wyoming corporation of its assets. Schlossberg's supplemental authority should therefore be disregarded, as it has no application to his individual actions in Wyoming, nor to his actions as a West Virginia family court receiver acting outside the confines of West Virginia or of that state's authority.

**C.   Conclusion**.

Schlossberg's supplemental authority should be rejected, and his motion to dismiss should be denied forthwith. This Court has *in personam* and *subject matter* jurisdiction because Schlossberg purposefully directed his activities in Wyoming to cause effects on Wyoming residents. Schlossberg does not have immunity, nor can he assert a *Barton Doctrine* defense because he acted without authority, outside the scope of the West Virginia Orders, and because the West Virginia divorce court

which appointed him had no jurisdiction in Wyoming, nor any jurisdiction over Teton's claims for fraud against Schlossberg.  This Court has *subject matter* jurisdiction because Teton's claims against Schlossberg fall within the exceptions to the general *Barton Doctrine*, and because the West Virginia Family Court's purported jurisdiction over this matter does not and cannot exist, and because the West Virginia Family Court never had jurisdiction over Teton in West Virginia, in any context.

Dated this 2nd day of October, 2007.

/s/ Charles M. Aron
Charles M. Aron
Galen B. Woelk
ARON and HENNIG, LLP
1472 North Fifth Street, Suite 201
Laramie, WY  82072
Telephone: (307) 742-6645
Fax:  (307) 742-7766
cma@a-hlaw.com
gbw@a-hlaw.com
Attorneys for Plaintiff Teton Millwork Sales

**Certificate of Service**

I hereby certify that on October 2, 2007, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Amanda Marie Gundlach:  agundlach@hirstapplegate.com
    Gary R Scott:  gscott@hirstapplegate.com

                                /s/ Charles M. Aron
                               Charles M. Aron
                               ARON and HENNIG, LLP
                               1472 North Fifth Street, Suite 201
                               Laramie, WY  82072
                               Telephone: (307) 742-6645
                               Fax:  (307) 742-7766
                               cma@a-hlaw.com
                               Attorney for Plaintiff Teton Millwork Sales