**GARY R. SCOTT**
**AMANDA M. GOOD**
HIRST APPLEGATE, LLP
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003
(T) 307-632-0541
Fax 307-632-4999

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TETON MILLWORK SALES, a Wyoming corporation, | } } } } |
| Plaintiff, | } } } } |
| vs. | } } Civil No. 07-CV-014J |
| ROGER SCHLOSSBERG, | } } } |
| Defendant | } } |

# *DOCUMENTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

Defendant Roger Schlossberg hereby files the following described documents

that support his Motion for Summary Judgment:

- Affidavit of Roger Schlossberg, with attachments.

- Family Court Orders referenced in Roger Schlossberg's Affidavit.

- Deposition of Michael Palencar.

- Deposition of Joseph Palencar.

- Plaintiff's Answers to Interrogatories.

- Plaintiff's Rule 26 Submission.

Dated:  9 July 2009.

ROGER SCHLOSSBERG, Defendant

BY: _____

GARY R. SCOTT, #5-1939
HIRST APPLEGATE, LLP
Attorneys for Defendant
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY  82003
(307-632-0541

## *CERTIFICATE OF SERVICE*

I certify the foregoing ***Documents in Support of Defendant's Motion for Summary Judgment*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 9 July 2009, and that copies were served as follows:

| | | |
|---|---|---|
| C. M. Aron | [    ] | U.S. MAIL |
| Aron and Henning. LLP | [    ] | FED EX |
| 1472 North 5th Street, Suite 201 | [    ] | FAX |
| Laramie, WY 82072 | [    ] | HAND DELIVERED |
| | [  ✓  ] | ELECTRONIC MAIL |

_____

OF HIRST APPLEGATE. LLP
Attorneys for Defendant

*AFFIDAVIT OF ROGER SCHLOSSBERG*

## *AFFIDAVIT OF ROGER SCHLOSSBERG*

Roger Schlossberg. first having been duly sworn, upon oath deposes and states as follows:

1.      That the undersigned is Roger Schlossberg, a resident of the State of Maryland maintaining business offices located at 134 West Washington Street, Hagerstown, Maryland, 21740.

2.      That the undersigned is an attorney-at-law duly admitted to practice before the State and Federal courts of Maryland, West Virginia and the District of Columbia as well as the United States District Court for the Western District of Pennsylvania. the United States Court of Appeals for the Fourth Circuit. the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the District of Columbia Circuit, the United States Tax Court and the United States Supreme Court.

3.      That the practice of the undersigned commenced in 1977 and substantially is concentrated in the areas of creditors' rights and bankruptcy with a particular emphasis by the undersigned on his role as a trustee in bankruptcy and as a state court trustee or receiver.  In the above regard, the undersigned has served since 1982 of a member of the standing panel of Chapter 7 Trustees for the United States Bankruptcy Court for the District of Maryland and has served also as a specially-appointed or elected trustee in cases under Chapters 7 and 11 of the Bankruptcy Code in the United States Bankruptcy Courts for the District of Maryland, the Northern District of West Virginia, the Western District of

Pennsylvania, the District of Columbia and the Eastern District of Virginia. Further, the undersigned has served as a trustee or receiver on multiple occasions in the State Courts of Maryland and West Virginia.

4.      That by various Orders entered by the Family Court for Jefferson County, West Virginia in Civil Action No. 02-D-3 (In re: *The Marriage of Mary Palencar, Petitioner and Michael Palencar, Respondent*) the undersigned was appointed first as Trustee and subsequently as Special Receiver of the assets of the Respondent Michael Palencar. As far as the authority granted to the undersigned by those various Orders, those Orders stated in pertinent part as follows (copies of the quoted Orders are filed herewith):

- "It is accordingly **ADJUDGED** and **ORDERED** that Roger Schlossberg is hereby appointed as trustee to take possession and control of Respondent's assets so that such assets can be forthcoming to meet any Order that is made in this action." Order of 22 October 2002.

- "The Trustee, Roger Schlossberg, previously appointed herein shall seize any assets that Respondent has an ownership interest therein to make them available to meet any Order of equitable distribution, alimony, child support, attorney's fees, and suit money to be entered herein." Order of 13 February 2003.

- "The Court believes the Respondent will not comply with this Order, therefore, attorney Roger Schlossberg shall continue to serve as special receiver for the purpose of seizing Respondent's assets, including any interest or assets he owns or maintains

- 2 -

in any corporation, as well as assets in which he has disguised or hidden his ownership interest." Final Order of 2 September 2003. pg. 27..

- "By Order of this Court dated on or about February 13, 2003. this Court further Ordered that the said Roger Schlossberg, Trustee was authorized to seize any assets in which the Respondent Michael Palencar held any ownership interest to make the same available to satisfy any order of equitable distribution, alimony, child support, attorney's fees and suit money thereafter entered herein." Amended Order of 14 January 2004.

- "It was and remains the intention of the Court by the aforesaid appointment of Roger Schlossberg both as Trustee and as Special Receiver that said Roger Schlossberg, Trustee/Special Receiver be vested with the broadest possible powers of a Trustee or Receiver acting within the equitable power of this Court and the common law of this State to investigate the financial and other affairs of the Respondent Michael Palencar and to be vested with actual legal and equitable title to and the right to obtain record title to and/or liens upon and/or actual physical custody and possession of all of the assets of the Respondent Michael Palencar (whether held by said Respondent, either alone or jointly with other person or entity, in his own name or in the name of any alias including, *inter alia*, Michael Stephen Leaf, or in the name of any other entity, including *inter alia*, L.L. Poh Corporation and Teton Millwork Sales) as is required to satisfy by sale, liquidation or other execution the aforesaid Judgment and all of the other Orders heretofore entered in these proceedings and as

- 3 -

hereafter may be entered with respect to the existing and prospective obligations herein of said Respondent Michael Palencar." Amended Order of 14 January 2004.

- "The Court further takes note that certain of the assets of the said Michael Palencar (whether held by said Respondent, either alone or jointly with other person or entity, in his own name or in the name of any alias, including *inter alia*, Michael Steven Leaf, or in the name of any other entity, including, *inter alia*, L.L. Poh Corporation and Teton Millwork Sales) apparently are located outside the State of West Virginia in other States of the United States of America and, perhaps, beyond the territorial limitations of said United States of America. In order to give full force and effect to the powers herein granted to the Trustee/Special Receiver, it is the express contemplation of this Court that the Trustee/Special Receiver shall act outside the territorial limits of this State and, to that end, the Trustee/Special Receiver is authorized and directed to seek and obtain such ancillary jurisdiction as relief from the Court's of the several States of the United States pursuant to the Full Faith and Credit Clause of the United State Constitution and as may otherwise be available with respect to foreign nations under the prevailing provisions of international law." Amended Order of 14 January 2004.

- "ORDERED, that said Roger Schlossberg, Trustee/Special Receiver expressly is authorized and directed forthwith to take such action as may appear necessary or desirable to obtain ancillary jurisdiction of these proceedings in such other States of

- 4 -

the United States of America and/or foreign nations as may appear appropriate."
Amended Order of 14 January 2004.

- "ORDERED that Roger Schlossberg, Special Receiver/Trustee, is hereby directed to
forthwith, i.e., promptly and with reasonable dispatch, pay over to Respondent
Michael Palencar all of the net funds remaining in his custody or control, less the
sum of $35,000.00 to be retained by Roger Schlossberg subject to further Order of
the Court upon Schlossberg filing Application for Allowance and Payment of
Compensation and Reimbursement of Compensable Expenses."  Order Regarding
Special Receiver/Trustee of 14 May 2004.

     5.     That the undersigned interpreted the various Orders of the Family
Court, including the above provisions, to give him the authority to seize assets of Teton
Millwork Sales, in addition to assets of Michael Palencar, since the undersigned had
knowledge, and it is not disputed that Michael Palencar had an ownership interest in Teton
Millwork Sales. In accordance with that understanding the undersigned seized assets,
including those described on the attached document entitled "Trustee/Special Receiver's
Recapitulation of Income and Expenses".

     6.     That in accordance with the Family Court's direction, the undersigned
submitted the Recapitulation to the Family Court as part of the undersigned's accounting.
The Family Court ultimately approved the undersigned's accounting, and Ordered that he
pay to Michael Palencar the balance noted on the Recapitulation that being $87,852.23, less
the undersigned's fees of $35,000.00. In accordance with that direction, the undersigned

paid to Mr. Robert Aitcheson, attorney for Michael Palencar, the amount of $52,582.23. Attached hereto is a copy of the check from the undersigned's trust account, reflecting that payment. Michael Palencar testified in his deposition that he received the $52,282.23 from attorney Aitcheson, and that he spent the money for his personal use, not informing anyone associated with Teton Millwork Sales of its receipt by Michael Palencar.

7.    That Teton Millwork Sales is claiming that of the assets listed on Exhibit 2, the First National Bank account of $415.96, the American Express Account of $33,190.23, and the Ferris Baker Watts account in the amount of $27,050.19 were assets of Teton Millwork Sales. Those assets total $60,656.38.

8.    That to undersigned's knowledge the only other asset that Teton Millwork Sales is claiming was owned by it and seized by the undersigned is a Cessna aircraft, Serial No. 172RG0690. Attached hereto is an FAA Aircraft Bill of Sale recorded on 21 August 2002 with the Federal Aviation Administration that on its face describes Michael Palencar as the purchaser and owner of that aircraft. The undersigned is not aware of any conveyance or transfer of that Cessna aircraft between the date of its purchase by Michael Palencar and the date is was seized by the undersigned in accordance with the orders of the Family Court.

9.    The foregoing Affidavit is made upon the personal knowledge of the undersigned and the undersigned hereby affirmatively states that all of the contents thereof are true and correct.

ROGER SCHLOSSBERG

STATE OF MARYLAND, WASHINGTON COUNTY, to-wit:

    I HEREBY CERTIFY, that on the __18__ day of ~~June,~~ July 2009, before me, a Notary Public, in and for the State and County aforesaid, personally appeared Roger Schlossberg, personally known to me, and made oath in due form of law under the pain and penalties of perjury that the contents of the foregoing Affidavit are true and correct.

    WITNESS my hand and Official Notarial Seal.

Notary public

My Commission Expires:

JOANNA E. KEMMERER
Notary Public, Washington Co., MD
My Commission Expires June 28, 2013

- 7 -

TRUSTEE/SPECIAL RECEIVER'S RECAPITULATION OF INCOME AND EXPENSES

| Date | Deposit/Disbursement | Source of Deposit/Payee | Amount | Balance |
|------|----------------------|-------------------------|--------|---------|
| 5/21/03 | Deposit | Bank of Charles Town | $23,966.75[1] | $23,966.75 |
| 1/22/04 | Disbursement | Michele Palencar | $15,000.00 | $8,966.75 |
| 1/23/04 | Deposit | First National Bank, Laramie, WY | $415.96 | $9,382.71 |
| 1/28/04 | Deposit | Ferris, Baker, Watts | $27,050.19 | $36,432.90 |
| 2/5/04 | Disbursement | J. Edward Cochran & Co. | $800.00 | $35,632.90 |
| 2/6/04 | Deposit | American Express | $33,190.23 | $68,823.13 |
| 2/6/04 | Deposit | IDS Life Insurance (AXP) | $20,309.02 | $89,132.15 |
| 2/19/04 | Disbursement | Western Maryland Investigations | $660.00 | $88,472.15 |
| 2/19/04 | Disbursement | Leonard & Janack | $469.00 | $88,003.15 |
| 2/19/04 | Disbursement | Tri-State Reporting | $156.00 | $87,847.15 |
| 2/29/04 | Deposit | Interest | $5.08 | **$87,852.23** |

---

[1]    Funds awarded to Michele Palencar as part of final Order entered September 2, 2003.



266

**ROGER SCHLOSSBERG TRUSTEE**
**SPECIAL RECEIVER/PALENCAR**

HAGERSTOWN TRUST
83 WEST WASHINGTON STREET, HAGERSTOWN, MD 21740
65-16-550

05/18/2004

PAY TO THE ORDER OF   Robert D. Aitcheson                    **$52,852.23

Fifty-Two Thousand Eight Hundred Fifty-Two and 23/100************************************** DOLLARS

Robert D. Aitcheson
Atty. for Michael Palencar

MEMO   RE: Palencar

⑈000266⑈ ⑊055000165⑈ 157724 4⑈                     ⑆0005285223⑆



Check Number 255 - T/R 05500016 - Account 157724 - ProcessCode 90

Amount 52852.23 - Posted 05-20-2004 - Reference Number 0001 06170790

Aug. 29. 2001-12:43PM   AEROSPACE REPORTS                    No. 1510  P. 3

UNITED STATES OF AMERICA
U.S. DEPARTMENT OF TRANSPORTATION FEDERAL AVIATION ADMINISTRATION
AIRCRAFT BILL OF SALE

FORM APPROVED
OMB NO. 2120-0042

37-1

**FOR AND IN CONSIDERATION OF $ 1,000 US** THE
UNDERSIGNED OWNER(S) OF THE FULL LEGAL
AND BENEFICIAL TITLE OF THE AIRCRAFT DES-
CRIBED AS FOLLOWS:

UNITED STATES
REGISTRATION NUMBER  N 6429V

AIRCRAFT MANUFACTURER & MODEL  CESSNA 172RG

AIRCRAFT SERIAL No.  172RG-0690

QQ023425

CONVEYANCE
RECORDED

DOES THIS  25  DAY OF  APR  2001
HEREBY SELL, GRANT, TRANSFER AND
DELIVER ALL RIGHTS, TITLE, AND INTERESTS
IN AND TO SUCH AIRCRAFT UNTO:

Do Not Write In This Block
FOR FAA USE ONLY
2001 AUG 21  PM 3 35

NAME AND ADDRESS
(IF INDIVIDUAL(S), GIVE LAST NAME, FIRST NAME, AND MIDDLE INITIAL)

PURCHASER

PALENCAR, MICHAEL
P.O. BOX 607
LARAMIE, WY 82073

FEDERAL AVIATION
ADMINISTRATION

DEALER CERTIFICATE NUMBER

AND TO                                EXECUTORS, ADMINISTRATORS, AND ASSIGNS TO HAVE AND TO HOLD
SINGULARLY THE SAID AIRCRAFT FOREVER, AND WARRANTS THE TITLE THEREOF.

IN TESTIMONY WHEREOF        HAVE SET        HAND AND SEAL THIS            DAY OF        20

| NAME (S) OF SELLER (TYPED OR PRINTED) | SIGNATURE (S) (IN INK) (IF EXECUTED FOR CO-OWNERSHIP, ALL MUST SIGN.) | TITLE (TYPED OR PRINTED) |
|---|---|---|
| SID HALL ENTERPRISES INC | | PRESIDENT |

SELLER

011270855582
$5.00 05/07/2001

ACKNOWLEDGMENT (NOT REQUIRED FOR PURPOSES OF FAA RECORDING; HOWEVER, MAY BE REQUIRED
BY LOCAL LAW FOR VALIDITY OF THE INSTRUMENT.)

ORIGINAL: TO FAA

AC Form 8050-2 (8/92) (NSN 0052-00-629-0003) Supersedes Previous Edition

08/29/07  WED 12:47  [TX/RX NO 8401]  @003

08/29/07  WED 12:17  [TX/RX NO 3401] @004

FILED

AIRCRAFT REGISTRATION

'01 MAY 7 PM 1 30

OKLAHOMA CITY
OKLAHOMA

Aug. 29. 2007 12:42PM    AEROSPACE REPORTS

no. 7410    P. 1

FORM APPROVED
OMB No. 2120-0042

38-1

UNITED STATES OF AMERICA DEPARTMENT OF TRANSPORTATION
FEDERAL AVIATION ADMINISTRATION-MIKE MONRONEY AERONAUTICAL CENTER
AIRCRAFT REGISTRATION APPLICATION

CERT. ISSUE DATE

UNITED STATES
REGISTRATION NUMBER   N **6429V**

AIRCRAFT MANUFACTURER & MODEL   **CESSNA    172RG**

AUG 21 2001

AIRCRAFT SERIAL No.   **172RG-0690**

FOR FAA USE ONLY

TYPE OF REGISTRATION (Check one box)

☑ 1. Individual  ☐ 2. Partnership  ☐ 3. Corporation  ☐ 4. Co-owner  ☐ 5. Gov't.  ☐ 6. Non-Citizen Corporation

NAME OF APPLICANT (Person(s) shown on evidence of ownership. If individual, give last name, first name, and middle initial.)

● **PALENCAR, MICHAEL**

TELEPHONE NUMBER: (    )

ADDRESS (Permanent mailing address for first applicant listed.)

Number and street   **1516 Grand Ave**

Rural Route:                     P.O. Box:   **607**

| CITY | STATE | ZIP CODE |
|------|-------|----------|
| **LARAMIE** | **WY** | **82073** |

☐ CHECK HERE IF YOU ARE ONLY REPORTING A CHANGE OF ADDRESS

ATTENTION!  Read the following statement before signing this application.
This portion MUST be completed.

A false or dishonest answer to any question in this application may be grounds for punishment by fine and / or imprisonment (U.S. Code, Title 18, Sec. 1001).

## CERTIFICATION

I/WE CERTIFY:

(1) That the above aircraft is owned by the undersigned applicant, who is a citizen (including corporations) of the United States.

(For voting trust, give name of trustee: _____ ), or

CHECK ONE AS APPROPRIATE:

a. ☐ A resident alien, with alien registration (Form I-151 or Form I-551) No. _____

b. ☐ A non-citizen corporation organized and doing business under the laws of (state) _____ and said aircraft is based and primarily used in the United States. Records or flight hours are available for inspection at _____

(2) That the aircraft is not registered under the laws of any foreign country; and

(3) That legal evidence of ownership is attached or has been filed with the Federal Aviation Administration.

NOTE: If executed for co-ownership all applicants must sign. Use reverse side if necessary.

TYPE OR PRINT NAME BELOW SIGNATURE

| | SIGNATURE | TITLE | DATE |
|---|-----------|-------|------|
| EACH PART OF THIS APPLICATION MUST BE SIGNED IN INK | *Michael Palenc* **MICHAEL PALENCAR** | OWNER | 4/25/01 |
| | SIGNATURE | TITLE | DATE |
| | SIGNATURE | TITLE | DATE |

NOTE: Pending receipt of the Certificate of Aircraft Registration, the aircraft may be operated for a period not in excess of 90 days, during which time the PINK copy of this application must be carried in the aircraft.

AC Form 8050-1 (12/90) (0052-00-628-9007) Supersedes Previous Edition

JUN 6 2001

YING TIME EXTENDED **120** DAYS FROM _____

08/29/07 WED 12:47  [TX/RX NO 9401]  Ⓩ002



# *FAMILY COURT ORDERS*

*10/22/02*

October 22, 2002  Jefferson County Circuit Clerk

IN THE FAMILY COURT OF JEFFERSON COUNTY, WEST VIRGINIA

IN RE: THE MARRIAGE OF:

MARY PALENCAR,
    PETITIONER

AND

MICHAEL PALENCAR,
    RESPONDENT

**RECEIVED**

OCT 2 2 2002

JEFFERSON CO. . . .
CIRCUIT COURT

CIVIL ACTION NO. 02-D-3

## ORDER

On this the 27th day of August, 2002, came Petitioner, in person, and by counsel, David P. Greenberg, and upon the appearance of the Respondent's counsel, F. Samuel Byrer and Margaret Oliver standing in for John C. Broderick, and no appearance of the Respondent; upon the various motions scheduled for this date.

Whereupon, the Court heard proffers of counsel for each of the motions:

1.    The Petitioner's motion is granted for Kenneth Apple, CPA, to attend the deposition of Respondent.

2.    The June 7, 2002, Order scheduled for this date the Petitioner's motion for the Court to appoint a trustee. It is ORDERED that the Court shall appoint a trustee who is both a licensed attorney in Maryland, and whose practice involves business litigation, and Petitioner recommends the Court appoint Roger Schlossberg, who is licensed to practice law in both West Virginia and Maryland.

It is accordingly ADJUDGED and ORDERED that *Roger Schlossberg* is hereby appointed as trustee to take possession and control of Respondent's assets so that such assets can be forthcoming to meet any Order that is made in this action.

It is further ORDERED and ADJUDGED that the Respondent shall forthwith post a

$50,000.00 cash bond with the Clerk of this Court as security to comply with the Orders of this Court.

It is further ORDERED and ADJUDGED that attorneys Margaret Oliver and /or John C. Broderick will advise the Court if they maintained a copy of the check in the sum of $15,000.00 paid to them by the Respondent, and if so, the Court will set a later hearing to determine if Petitioner's counsel shall receive a copy of the check.

It is further ORDERED and ADJUDGED that the Court review Respondent's legal billing, and the Court upon reviewing said billing will determine whether the $5,100.00 Respondent still owes attorney John C. Broderick, if paid, should be placed in an escrow account pending further decision by the Court.

It is further ORDERED and ADJUDGED that this matter shall come on for further hearing on November 7, 2002, at 2 p.m.

The Court notes the objection of each party to all adverse rulings.

The Clerk shall enter the foregoing as of the day and date first hereinabove written and shall provide attested copies to David P. Greenberg, F. Samuel Byrer, John C. Broderick, and the Respondent, Michael Palencar, at his address of 230 Knottsville Road, Knottsville, Maryland, 21758, as well as to: Roger Schlossberg, Esq.
P.O. Box 4227
HAGERSTOWN, MD
21741-4227

_____  10-21-02
William T. Wertman, Jr.
Family Court Judge

A TRUE COPY
ATTEST:

PATRICIA A. NOLAND
CLERK, CIRCUIT COURT
JEFFERSON COUNTY, W.VA.

BY M Scott
DEPUTY CLERK

_____
Attorney for Petitioner

_____
Attorney for Respondent

*2/13/03*

IN THE FAMILY COURT OF JEFFERSON COUNTY, WEST VIRGINIA: RECEIVED

IN RE: THE MARRIAGE OF:

FEB 1 3 2003

JEFFERSON COUNTY
CIRCUIT COURT

MARY PALENCAR,
PETITIONER

AND                                                          CIVIL ACTION NO. 02-D-3

MICHAEL PALENCAR,
RESPONDENT

<u>ORDER</u>

On this the 13th day of February, 2003, came the Petitioner, in person, and by counsel, David P. Greenberg, and upon no appearance this date of the Respondent; upon the Petitioner's initial motion to compel and sanctions served upon the Respondent under certificate of service dated October 25, 2002, upon the motion being set for hearing this date; upon the Petitioner's second motion to compel and sanctions scheduled for hearing this date; upon the Petitioner's motion to require payment for the cost of the addition to the former marital domicile as previously Ordered.

Whereupon, the Court placed Petitioner under oath and heard proffers of counsel, and the Court makes the following findings of fact:

     (1)    that the March 12, 2002, Order granted the parties use of the West Virginia Rules of Civil Procedure concerning discovery;

     (2)    that on September 4, 2002, the Petitioner's counsel served the Respondent with a notice of deposition scheduling the Respondent's deposition for September 25, 2002, at 10 a.m.;

     (3)    that Respondent received the notice, and in fact, evidence that Respondent received the notice is Respondent's September 20, 2002, letter, (Petitioner's Exhibit 1) with

which the Respondent returned the notice to Petitioner;

(4)    that the Respondent indicated in his September 20, 2002, letter that he shall not

cooperate with the Court proceedings, specifically, the Respondent stated "I am not

going through a court battle. If you have me arrested for not showing up somewhere,

I will just sit around and smile at people."

(5)    that on September 25, 2002, Petitioner and her counsel, along with Ken Apple (by

Order of the Court permitted to attend the deposition) appeared for Respondent's

deposition, however, Respondent did not appear; Petitioner incurred a charge of

$375.00 for attorney's fees for preparation and attendance of the deposition, and

$103.00 for Court Reporter fees for the aborted deposition;

(6)    that the April 16, 2002, Order required that by May 30, 2002, the Respondent provide

a complete accounting of all assets, including liquid assets, that he had transferred,

sold or disbursed of from January 31, 2000, through the present;

(7)    that the Respondent has failed to provide said accounting;

(8)    that prior Orders of this Court set forth that the Respondent shall not sell, dispose,

destroy, alienate, secrete, dissipate or otherwise encumber any assets without the

express written permission of the other;

(9)    that the June 7, 2002, Order found that the Respondent violated the Order not to sell

or dispose of marital assets, when it was found that the Respondent sold real estate

for $93,120.00:

(10)   that the June 7, 2002, Order required the Respondent to provide the real estate

settlement proceeds (except for a certain amount set forth in the Order) to his counsel

for the money to be escrowed as decided between Respondent's counsel, F. Samuel

Byrer, and Petitioner's counsel, David P. Greenberg;

(11)   that the Respondent never tendered the proceeds from the sale of the real estate;

(12)   that by Order dated August 27, 2002, the Respondent was to post a $50,000.00 cash bond with the Clerk of this Court as security that he would comply with the Orders of this Court;

(13)   that Respondent has failed to post the $50,000.00 cash bond;

(14)   that on April 4, 2002, Petitioner served Respondent with Interrogatories and Request for Production of Documents;

(15)   that on May 31, 2002, the Respondent filed a Response to the Interrogatories and Request for Production of Documents that was totally inadequate, and as of this date has not been supplemented;

(16)   that the May 31, 2002, Response was inadequate for several reasons, including but not limited to, when requested

   a)   as to all property that Respondent owned as of January 1, 2002, Respondent's response was that he was in the process of obtaining additional documents, and his response would be supplemented; however, Respondent has never supplemented the Responses:

   b)   Interrogatory No. 6 requested Respondent to provide a list of all real and personal property owned as of the date of separation, Respondent's response were not complete, and he indicated that he would supplement;

   c)   the documents that Respondent provided lacked any substance, and there has been no supplemental response;

   d)   Respondent's response to ownership interest in various businesses was also

totally insufficient to assess Respondent's interest in each business.

(17)    that the Respondent has totally failed to cooperate with discovery and provide financial disclosure concerning his interest in various businesses, and the assets in his control that are subject to equitable distribution, including an accounting of the money and assets that he owned as of January 1, 2002;

(18)    that the Respondent has deliberately failed to disclose information that is required in this proceeding;

(19)    that the April 16, 2002, Order allowed for marital assets to be utilized concerning the remodeling of the addition that was in progress when the parties separated;

(20)    that Petitioner has paid the costs for the addition.

Wherefore, it is accordingly ADJUDGED and ORDERED as follows:

1.      The Respondent shall not be allowed to oppose any designated claims or defenses or prohibit Petitioner from introducing any matter that she deems relevant to determine the value of the marital assets; *foreclosure of Respondent presenting evidence on Alimony, child support, and Suit money are denied, subject to reconsideration how*

2.      The Trustee, Roger Schlossberg, previously appointed herein shall seize any assets that Respondent has an ownership interest therein to make them available to meet any Order of equitable distribution, alimony, child support, attorney's fees, and suit money to be entered herein;

3.      The Respondent's actions in this matter are contempt of court, and the it is hereby ORDERED and ADJUDGED that the Sheriff of Jefferson County, West Virginia, or other West Virginia law enforcement agency, shall apprehend the Respondent and bring him before this Court;

4.      At the final hearing in this matter, the Court shall accept the Petitioner's statement as

to the marital assets and proposed distribution, as accurate;

5.   This matter shall come on for final hearing on the _15th_ day of _May_, 2003, at _1:00_ o'clock _P._ .m.

The Clerk shall enter the foregoing as of the day and date first hereinabove written and shall provide attested copies to David P. Greenberg, and the Respondent, Michael Palencar, at his address of 230 Knoxville Lane, Knoxville Maryland, 21758, and upon the ~~Special Commissioner~~ _Trustee_, Roger Schlossberg, at his address of Schlossberg & DiGirolamo, P.O. Box 4227, Hagerstown, MD 21741.

WILLIAM T. WERTMAN, JR.
Family Court Judge

Attorney for Petitioner

A TRUE COPY
ATTEST:

PATRICIA A. NOLAND
CLERK, CIRCUIT COURT
JEFFERSON COUNTY, W.VA.

BY _____
DEPUTY CLERK

*2/14/04*

IN THE FAMILY COURT OF JEFFERSON COUNTY, WEST VIRGINIA

IN RE:                                    *
MARRIAGE OF:
MARY PALENCAR                             *
    Petitioner
and                                       *     Civil Action No. 02-D-3
MICHAEL PALENCAR
    Respondent                           *

               *     *     *

JAN 14 2004

JEFFERSON COUNTY
CIRCUIT COURT

### AMENDED
### ORDER ESTABLISHING PENALTY SUM OF BOND OF
### TRUSTEE/SPECIAL RECEIVER AND GRANTING OTHER RELIEF

By Order dated on or about October 22, 2002, this Court appointed Roger Schlossberg as

Trustee to take possession and control of the assets of the Respondent Michael Palencar so that

such assets thereafter would be available to satisfy any order thereafter entered herein; and

By Order of this Court dated on or about February 13, 2003, this Court further ordered

that the said Roger Schlossberg, Trustee was authorized to seize any assets in which the

Respondent Michael Palencar held any ownership interest to make the same available to satisfy

any order of equitable distribution, alimony, child support, attorney's fees and suit money

thereafter entered herein; and

By a Final Order dated on or about September 2, 2003, this Court entered Judgment

related to the equitable distribution of the marital assets of the parties in favor of the Petitioner

Mary Palencar and against the Defendant Michael Palencar in the amount of $2,472,450.50, and

granted also other relief related to the payment of spousal support, child support, attorney's fees,

*etc.*; and

By that same Final Order, the Court made certain findings of fact and conclusions of law

Schlossberg & DiGirolamo
Attorneys at Law

P.O. Box 4227
134 West Washington Street
Hagerstown, Maryland 21741-4227

H:\Documents\2004\Jan 2004\palencar order amended rs 011304 rs.wpd

and determined that the appointment of the said Roger Schlossberg as Trustee should be continued thereafter as Trustee as well as in the capacity of a Special Receiver pursuant to the provisions of West Virginia Code, §53-6-1 for the purposes set forth in the Final Order.

It was and remains the intention of the Court by the aforesaid appointment of Roger Schlossberg both as Trustee and as Special Receiver that the said Roger Schlossberg, Trustee/Special Receiver be vested with the broadest possible powers of a Trustee or Receiver[1] acting within the equitable power of this Court and the common law of this State to investigate the financial and other affairs of the Respondent Michael Palencar and to be vested with actual legal and equitable title to and the right to obtain record title to and/or liens upon and/or actual physical custody and possession of all of the assets of the Respondent Michael Palencar (whether held by the said Respondent, either alone or jointly with any other person or entity, in his own name or in the name of any alias including, *inter alia,* Michael Steven Leaf, or in the name of any other entity, including, *inter alia,* L. L. Poh Corporation and Teton Millwork Sales) as is required to satisfy by sale, liquidation or other execution the aforesaid Judgment and all of the other Orders heretofore entered in these proceedings and as hereafter may be entered with respect to the existing and prospective obligations herein of the said Respondent Michael Palencar.

The Court further takes note that certain of the assets of the said Michael Palencar (whether held by the said Respondent, either alone or jointly with any other person or entity, in his own name or in the name of any alias including, *inter alia,* Michael Steven Leaf, or in the

---

[1] Including the right to receive all mail addressed in any fashion to the said Respondent, either alone or jointly with any other person, in his own name or in the name of any alias including, *inter alia,* Michael Steven Leaf, or in the name of any other entity through which the said Respondent conducts his financial affairs (including, *inter alia,* L. L. Poh Corporation and Teton Millwork Sales).

H:\Documents\2004\Jan 2004\palencar order amended rs.011304 rs wpd

Schlossberg & DiGirolamo
Attorneys at Law

P.O. Box 4227
134 West Washington Street
Hagerstown, Maryland 21741-4227

name of any other entity, including, *inter alia*, L. L. Poh Corporation and Teton Millwork Sales)

apparently are located outside of the State of West Virginia in other States of the United States of

America and, perhaps, beyond the territorial limitations of the said United States of America. In

order to give full force and effect to the powers herein granted to the Trustee/Special Receiver, it

is the express contemplation of this Court that the Trustee/Special Receiver shall act outside the

territorial limitations of this State and, to that end, the Trustee/Special Receiver is authorized and

directed to seek and obtain such ancillary jurisdiction and relief from the Courts of the several

States of the United States pursuant to the Full Faith and Credit Clause of the United States

Constitution and as may otherwise be available with respect to foreign nations under the

prevailing provisions of international law.

It is, therefore, this _14th_ day of January, 2004, by the Family Court of Jefferson

County, West Virginia,

ORDERED, that the appointment of Roger Schlossberg as Trustee and as Special

Receiver for those purposes and with those powers as above-explicated be, and the same hereby

is, RATIFIED and CONFIRMED; and it is further

ORDERED, that the penalty sum of the Bond of the said Roger Schlossberg,

Trustee/Special Receiver be, and the same hereby is, ESTABLISHED in the amount of $100,000

and the said Roger Schlossberg, Trustee/Special Receiver hereby is DIRECTED forthwith to file

said Bond in form and with surety acceptable to the Clerk of this Court; and it is further

ORDERED, that the said Roger Schlossberg, Trustee/Special Receiver expressly is

AUTHORIZED and DIRECTED forthwith to take such action as may appear necessary or

desirable to obtain ancillary jurisdiction of these proceedings in such other States of the United

H:\Documents\2004\Jan 2004\palencar order amended rs 011304 rs wpd

States of America and/or foreign nations as may appear appropriate.

The Clerk shall entered the foregoing as of the day and date first hereinabove written and

shall provide attested copies to Roger Schlossberg, Esquire, David P. Greenberg, Esquire and to

Michael Santa Barbara, Esquire.

William T. Wertman, Jr.
Family Court Judge

A TRUE COPY
ATTEST:

PATRICIA A. NOLAND
CLERK, CIRCUIT COURT
JEFFERSON COUNTY, W.VA.

BY M. Scott
DEPUTY CLERK

cc:    Roger Schlossberg, Esquire
       Schlossberg & DiGirolamo
       134 West Washington Street
       P.O. Box 4227
       Hagerstown, MD 21741-4227

       David P. Greenberg, Esquire
       Greenberg & Scales
       314 West Johnson Street
       P.O. Box 6097
       Martinsburg, WV 25402

       Michael Santa Barbara, Esquire
       518 West Stephens Street
       Martinsburg, WV 25401

H:\Documents\2004\Jan 2004\palencar order amended rs 011304 rs.wpd

*5/14/04*

May 14, 2004  Jefferson County Circuit Clerk

IN THE FAMILY COURT OF JEFFERSON COUNTY, WEST VIRGINIA

IN RE: THE MARRIAGE OF

MARY PALENCAR,

     PETITIONER,

and                           CASE NO. 02-D-3

MICHAEL PALENCAR,

     RESPONDENT.

RECEIVED

MAY 1 4 2004

JEFFERSON COUNTY
CIRCUIT COURT

## ORDER REGARDING SPECIAL RECEIVER/TRUSTEE

This matter comes before the Court upon the prior filings and proceedings, upon the Order-March 26, 2004, Hearing approving the parties' written settlement agreement, and upon the submissions of counsel for the parties and the Special Rceiver/Trustee following the March 26, 2004, hearing.

Upon consideration of the foregoing, the Court finds and does hereby ORDER and ADJUDGE:

1.  By prior orders of this Court in this proceeding, the Court appointed Roger Schlossberg first as Trustee and subsequently as Special Receiver.

2.  Said Special Receiver was ordered to and did give a bond in the amount of $100,000.00 with corporate surety conditioned upon the faithful and proper performance of his duties.

3.  ORDERED that jurisdiction is hereby retained by this

Court over any and all claims asserted by either party or by any person or entity arising from or related to the alleged performance or nonperformance by Roger Schlossberg of his duties as Trustee or as Special Receiver in this action.

4. ORDERED that Roger Schlossberg shall be indemnified by any party, person or entity for any and all damages and reasonable expenses, including attorney's fees, suffered or incurred by him in connection with his defense of a claim asserted against him by said party, person or entity arising from or related to his alleged performance or nonperformance of his duties as Trustee or Special Receiver in this action; PROVIDED that such obligation of indemnification shall arise and be enforceable only if Roger Schlossberg substantially prevails in the resolution of any such claim.

5. ORDERED that jurisdiction is hereby retained by this Court over all claims of indemnification asserted by Schlossberg against a party, person or entity as referenced in the preceding paragraph 4.

6. ORDERED that Roger Schlossberg, Special Receiver/Trustee, is hereby directed to forthwith, i.e., promptly and with reasonable dispatch, pay over to Respondent Michael Palencar all of the net funds remaining in his custody or control, less the sum of $35,000.00 to be retained by Roger

2

Schlossberg subject to further Order of the Court upon
Schlossberg filing Application for Allowance and Payment of
Compensation and Reimbursement of Compensable Expenses
(hereinafter "Application.")

7.  ORDERED that jurisdiction is retained by this Court
over all proceedings related to the Application referenced in
paragraph 6.

8.  ORDERED that Roger Schlossberg shall forthwith release
all liens and *lis pendens* asserted by him against any property
or assets in relation to this action or in relation to any
ancillary proceedings initiated by him.

9.  ORDERED that Roger Schlossberg shall forthwith take all
reasonable and necessary actions to effect dismissal of all
proceedings commenced by him in this or any other jurisdiction
in relation to this action.

10.  ORDERED that Roger Schlossberg shall forthwith release
all interest in Credit Suisse bank account bearing Customer No.
0835-347930-2 and Safekeep No. 0835-347930-25.

11.  ORDERED that Roger Schlossberg shall submit
Application, as referenced in paragraph 6,  within 60 days from
entry of this Order, to the Court with a copy to all counsel of
record, which Application shall include, in addition to such
information as Schlossberg deems appropriate, an itemized

3

account of all monies, assets, and property received by him, including dates of receipt, dates and amounts of disbursements, and dates of release of property; any party objecting to the Application must file a written objection with the Court and a copy to all counsel of record, noting the specific reasons for objection, within 15 days of service of the Application.

12.   ORDERED that, except as required to fulfill the terms of this Order, all title and authority heretofore vested in Roger Schlossberg by this Court is hereby terminated and withdrawn, subject to further Court Order.

13.   ORDERED that, upon completion of the obligations of Roger Schlossberg set forth in this Order, he shall report to the Court and counsel the completion of said obligations and may move the Court for exoneration of his bond, which bond shall remain in effect pending further Court Order.

Objection and exception of the parties and Roger Schlossberg to all adverse rulings is noted.

The Clerk shall provide an attested copy of this order to Robert Aitcheson, Esq., P.O. Box 750, Charles Town, WV 25414, David P. Greenberg, Esq., P.O. Box 6097, Martinsburg, WV 25402, and to Roger Schlossberg, Esq., P.O. Box 4227, Hagerstown, MD 21741.

ENTER this $7\cancel{H}$ day of May, 2004.

4

3 ...
atchison
Greenberg
Schlossberg

5/17/04

WILLIAM T. WERTMAN, JR.
FAMILY COURT JUDGE
ATTEST:

PATRICIA A. NOLAND
CLERK, CIRCUIT COURT
JEFFERSON COUNTY, W.VA

BY _____
DEPUTY CLERK

COURT
COUNTY, W.VA.

DEPUTY CLERK

5