**GARY R. SCOTT**
**AMANDA M. GOOD**
HIRST APPLEGATE, LLP
1720 Carey Avenue. Suite 200
P. O. Box 1083
Cheyenne, WY 82003
(T) 307-632-0541
Fax 307-632-4999

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TETON MILLWORK SALES, a Wyoming corporation, | }<br>}<br>} |
| Plaintiff, | }<br>} |
| vs. | } Civil No. 07-CV-014J |
| ROGER SCHLOSSBERG, | }<br>} |
| Defendant | } |

# DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE

## ABSOLUTE IMMUNITY

The Tenth Circuit in its *Order and Judgment* stated that if Schlossberg "sought to take assets of (Teton) absent any colorable evidence to justify piercing the corporate veil of (Teton) in such a fashion, then he exceeded the scope of authority," and is not entitled to immunity. If on the other hand there is colorable evidence to justify piercing the corporate veil, then Schlossberg did not exceed the scope of his authority, and he is

entitled to absolute immunity. All of the evidence presented by Schlossberg in his opening *Memorandum* on the alter ego issue relates to facts present at the time Schlossberg seized Teton's assets. And Teton has made no attempt to contest any of those facts. Plaintiff filed a response brief with attachments totaling 246 pages, yet filed no affidavit of any corporate officer and offered no documents such as corporate minutes or resolutions that would tend to show that Teton has maintained legal formalities and an arm's length relationship with Michael Palencar. Plaintiff in its pleading made no argument that Teton was not a shell that was used by Palencar as his alter ego. The uncontested facts offered by Schlossberg surely constitute colorable evidence to justify piercing the corporate veil of Teton. (For guidance on what constitutes "colorable evidence," see *Kleinsmith v. Shurtleff*, U.S. App. LEXIS 14593 (10th Cir. 2009); *Legacy Crossing, LLC v. Travis Wolff & Co.*, 2007 U.S. App. LEXIS 8354 (10th Cir. 2007); *Taylor v. Principi*, 2005 U.S. App. LEXIS 12927 (10th Cir. 2005); *Revell v. Hoffman*, 309 F.3d 1228, 1232 (10th Cir. 2002)) **Plaintiff has failed to present this Court with any evidence contesting or disputing the five pages of colorable evidence offered by the Defendant that Teton was Palencar's alter ego. That omission should be dispositive of this case.** Under the Tenth Circuit's *Order and Judgment*, Schlossberg did not exceed the scope of his authority when he seized the assets of Teton, and thus Schlossberg is entitled to absolute immunity.

Instead of offering evidence that Teton was not Palencar's alter ego, Plaintiff argues that Schlossberg is required to file a third-party complaint against all of Teton's

shareholders proving that fact. The *Order and Judgment* of the Tenth Circuit on its face does not require that. The *Order* simply requires that there be "colorable evidence" justifying piercing the corporate veil. Plaintiff also contends that Defendant is now requesting that this Court make a determination that Teton was the alter ego of Palencar, without providing notice or service of process on Teton's shareholders. Schlossberg is not requesting that this Court find that Teton was the alter ego of Palencar. Schlossberg is simply requesting that this Court conclude that there is colorable evidence that would justify piercing the corporate veil, in accordance with the Tenth Circuit's *Order and Judgment*.

Plaintiff continues to argue that Schlossberg in not entitled to immunity because the Family Court's orders were not valid as to Teton because the Family Court did not have personal jurisdiction over Teton, and Teton was not a party to the Divorce Proceedings. Clearly that argument is of no significance as to whether there is colorable evidence justifying piercing the corporate veil of Teton. That is, if there is colorable evidence that Teton was Palencar's alter ego, Teton's argument that the Family Court's orders as to Teton were invalid, is of no import.

Furthermore, a fact that Plaintiff continues to gloss over is that Teton and Palencar sued the Family Court judge following the conclusion of the Divorce Proceedings. In that action Teton's claims included the allegation that the 14 January 2004 *Order* was unlawful and that Judge Wertman did not have jurisdiction to issue that *Order*. Teton alleged that Schlossberg used that "unlawful" *Order* to seize the assets of Teton. The

Circuit Court of Jefferson County, West Virginia dismissed the lawsuit against Judge Wertman finding, among other things that "Defendant's specific orders, if not expressly within the jurisdictional authority of the family court, are impliedly within the jurisdiction of the family court, and therefore entitled to the protection of absolute judicial immunity under West Virginia law." An issue before the Circuit Court related to the validity of the orders issued by the Family Court. The Circuit Court made the finding that those orders were within the jurisdiction of the Family Court, and thus were lawful. The dismissal of the lawsuit against Judge Wertman was not appealed by Teton. Teton in that prior litigation was given a full and fair opportunity to litigate the validity of the Family Court orders, and thus Teton is now collaterally estopped from relitigating that issue. *Phillips v. Toner*, 133 P.3d 987, 989, 990 (Wyo. 2006)

## *STATUTE OF LIMITATIONS*

In regard to the abuse of process claim, Plaintiff in its Response cites to no authority contrary to that cited by Schlossberg in his *Memorandum, American Motorists Insurance Company v. General Host Corporation,* 919 F. Supp. 1506, 1513 (D.C. KS, 1996). According to that court the rights and the liabilities of the parties for abuse of process "are determined by the local law of the state where the proceeding complained of occurred..." The legal process which Schlossberg allegedly abused was the legal process relating to the Divorce Proceedings in the Family Court of West Virginia. Clearly it is West Virginia's two year statute of limitations that should apply to that claim.

In regard to the fraud claim, Plaintiff in its *Response* references that part of the Restatement (Second) of Conflicts § 148(1) that indicates where the allegation is a false representation then it is the forum state where the false representations were made and received that determines the rights and liabilities of the parties. However, Plaintiff in its *Response* fails to cite to the caveat that immediately follows that provides "unless, with respect to the particular issue some other state has a more significant relationship under the principles stated in § 6 to the occurrences and the parties, in which event the local law of the other state will be applied." In this case Schlossberg was a trustee appointed by a court of West Virginia, and it is an order of that West Virginia court that Defendant allegedly misrepresented. And, the interpretations of various Family Court orders are at issue in this case. Perhaps most importantly, the Family Court of West Virginia attempted in its *Order* of 14 May 2004 to retain jurisdiction over claims like those now being asserted by Teton against Schlossberg.

Under the Wyoming Supreme Court case of *Act I, LLC v. Davis*, 60 P.3d 145 (Wyo. 2002) this Court should conduct a choice of law analysis to determine whether Wyoming or West Virginia has the most significant contacts with the issues involved. Defendant suggests because the essence of Plaintiff's claims against Schlossberg relates to the interpretation and enforcement of orders issued by a West Virginia court, and because that West Virginia court expressly retained jurisdiction to hear claims such as those being

asserted by Teton, it should be West Virginia law that applies. And West Virginia's two year statute of limitations bars both the abuse of process and the fraud claims of Plaintiff.

## *SUBJECT MATTER JURISDICTION*

The Family Court in its *Order* of 14 May 2004 stated that jurisdiction was being retained by it "over any and all claims asserted by either party or by any person or entity arising from or related to the alleged performance or non-performance by Roger Schlossberg of his duties as Trustee or as Special Receiver in this action." Plaintiff in its *Response* attempts to circumvent this retention of jurisdiction by arguing that it is suing Schlossberg individually, and not in his capacity as Trustee or Special Receiver. However, from a review of the *Complaint* it is evident that the Plaintiff is alleging that all of the acts allegedly undertaken by Schlossberg were undertaken by him in his capacity as Trustee or Special Receiver. And more importantly the retention of jurisdiction by the Family Court related to claims asserted by anyone that are related to the performance by Schlossberg of his duties as Trustee or Special Receiver. Certainly the claims now being asserted by Teton in the instant case are related to the performance of Schlossberg of his duties as Trustee or Special Receiver.

Plaintiff also contends that the retention of subject matter jurisdiction by the Family Court should not be honored because the Family Court is a court of limited jurisdiction, and therefore presumably could not address claims made by others concerning the performance of a trustee appointed by that Family Court. First it should be noted that

the Circuit Court of Jefferson County, West Virginia in its *Order Granting Motion to Dismiss* indicated that statutory authority granted to the family courts of that state includes the authority to enter orders pertaining both to the preservation of property incident to a divorce and to the collection of judgments entered in the course of the divorce proceedings. The Circuit Court found that Judge Wertman's orders, "if not expressly within the jurisdictional authority of the family court, are impliedly within the jurisdiction of the family court..." Defendant suggests that whether or not Judge Wertman's Family Court had the authority to entertain claims made against Schlossberg is a question best left for the Family Court and for the other courts of West Virginia. This Court should therefore refuse to exercise subject matter jurisdiction over this dispute.

## *PUNITIVE DAMAGES*

In support of its argument that the punitive damages claim against Defendant should be dismissed, Schlossberg has presented to this Court evidence that Schlossberg interpreted the Family Court orders to permit him to seize assets of Teton. And given the fact that the Family Court *Order* of 13 February 2003 (an Order not prepared by Schlossberg) orders that Schlossberg "shall seize any assets that Respondent has an ownership interest therein..." such an interpretation can not be said to have been unreasonable. Plaintiff in its *Response* has not presented this Court with any evidence suggesting that Schlossberg's conduct was willful or wanton and that it involved "some element of outrage similar to that usually found in a crime." Plaintiff instead suggests that it

will prove its case of punitive damages at the time of trial. However, to defeat summary judgment Plaintiff can not rest on its pleadings, and must "set forth specific facts showing that there is a genuine issue for trial..." *Travis v. Park City Municipal Corp*, 565 F.3d 1252, 1258 (10th Cir. 2009). Teton has failed to do that and its claim for punitive damages should therefore be dismissed.

## MOTION TO STRIKE

Defendant suggests that this Court cannot properly consider and should strike those documents attached to Plaintiff's Affidavit of Counsel as Appendices 2, 3, 5, 6, 7, and 8. Those documents constitute hearsay evidence that would not be admissible at trial, and thus cannot be used to support or defeat a motion for summary judgment. *Thomas v. IBM*, 48 F.3d 478, 485 (10th Cir. 1995).

Dated: 30 July 2009.

ROGER SCHLOSSBERG, Defendant

BY: *Gary R. [signature]*
GARY R. SCOTT, #5-1939
HIRST APPLEGATE, LLP
Attorneys for Defendant
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003
(307)-632-0541

## CERTIFICATE OF SERVICE

I certify the foregoing *Defendant's Reply to Plaintiff's Brief in Opposition To Defendant's Motion for Summary Judgment* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 30 July 2009, and that copies were served as follows:

| | |
|---|---|
| C. M. Aron<br>Aron and Henning, LLP<br>1472 North 5th Street, Suite 201<br>Laramie, WY 82072 | [  ] U.S. MAIL<br>[  ] FED EX<br>[  ] FAX<br>[  ] HAND DELIVERED<br>[ ✓ ] ELECTRONIC MAIL |

_____
OF HIRST APPLEGATE, LLP
Attorneys for Defendant