C.M. Aron
Galen B. Woelk
ARON and HENNIG, LLP
1472 North Fifth Street, Suite 201
Laramie, WY  82072
Telephone: (307) 742-6645
Facsimile:  (307) 742-7766
cma@a-hlaw.com
gbw@a-hlaw.com
Attorneys for Plaintiff Teton Millwork Sales

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| TETON MILLWORK SALES, ) <br> a Wyoming corporation ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROGER SCHLOSSBERG, ) <br> ) <br> Defendant. ) | No. 07-CV-014J |

**PLAINTIFF'S MOTION IN LIMINE**

**COMES NOW** Plaintiff TETON MILLWORK SALES ["TMS"], by and through its attorneys, ARON and HENNIG, LLP, and in accordance with the ORDER ON FINAL PRETRIAL CONFERENCE entered herein October 23, 2009, hereby submits its MOTION IN LIMINE requesting this Court's limiting order prohibiting Defendant Schlossberg from presenting evidence or attempting to prove the corporate veil of Plaintiff TMS could or may have been pierced prior to Schlossberg's actions against it.  Alternatively, Schlossberg should be

precluded from presenting any evidence in support of piercing the corporate veil of TMS that Schlossberg did not possess or was not aware of prior to his actions against TMS. In support, TMS would state and argue as follows:

> The Tenth Circuit summarized much of the governing law of the present action:
>
> While the court order permitted Mr. Schlossberg to collect Mr. Palencar's assets even if they were held in the name of another entity, including TMS, the court order did not grant Mr. Schlossberg authority to seize assets that did not belong to Mr. Palencar. **In fact, the court could not grant such authority if the affected individuals or entities were not parties to the proceeding** – and TMS was not a party to the Palencars' divorce proceeding.
>
> > [File Document 59, pp. 11-12, also citing *United States v. Bigford*, 365 F.3d 859, 864-65 (10th Cir. 1977) ("[J]udgments rendered by a court lacking jurisdiction are void.") (emphasis supplied).]

Not content with this explanation, and in the absence of evidence proving TMS was a party to the West Virginia Divorce proceeding, Schlossberg argues a comment in the 10th Circuit Court's decision permits him to defend the TMS action by proving he could have pierced the corporate veil of TMS at some point prior in time to the date he seized the assets of TMS. Schlossberg concludes that if he is permitted to utilize the present trial as one would a time machine, he should be permitted to go back in time and pierce the veil of TMS, and thereafter have his conduct excused as a result of immunity.

The 10th Circuit's decision provides no such relief, and does not create a new legal standard or cause of action which permits a litigant to avoid liability by doing now what he failed to do in the past. This is particularly so where much of the evidence Schlossberg

intends to utilize at trial to prove a historic *piercing of the veil* was evidence Schlossberg did not obtain until TMS filed this present action against him. The effect of such evidence acts as an irrelevant diversion away from the central issue here, i.e., Schlossberg's actions in Wyoming against a corporation whose veil had <u>not</u> been pierced or even challenged.

The 10th Circuit's analysis was straight forward: "If Mr. Schlossberg . . . sought to take the assets of TMS absent any colorable evidence to justify piercing the corporate veil of TMS . . . then he exceeded the scope of his authority . . . and would not enjoy absolute immunity." *Id.* This conclusion, when read in conjunction with the Court's reminder that "a personal judgment entered without jurisdiction over the person violates due process and is void," states the obvious: If Schlossberg can prove the West Virginia Family Court exercised jurisdiction over TMS Corporation, and that evidence was presented in the West Virginia court which justified piercing the corporate veil of TMS, than Schlossberg can present this Court with those prior facts and evidentiary findings in support of his claim of absolute immunity claim." *Id.* citing *West v. Capitol Fed. Sav. and Loan Ass'n*, 558 F.2d 977, 980 (10th Cir. 1977).

Regardless of what Schlossberg can prove *today* as to whether the corporate entity of TMS could have been disregarded 5 years ago, those facts would not provide the West Virginia Family Court with jurisdiction over TMS back then or presently. Without having asserted prior jurisdiction over TMS, the West Virginia Court's historic orders or findings

are void as to TMS. This is true even if Schlossberg pierced the veil of TMS Corporation five years ago, or today. Permitting Schlossberg to pierce the veil now would be full of sound and fury, but would signify nothing.

The West Virginia Family Court could NEVER have obtained personal jurisdiction over Teton Millwork Sales or its other shareholders in West Virginia even had it wanted to disregard that entity in a West Virginia Court. The West Virginia Court had jurisdiction over Michael Palencar, and had authority to offset and distribute Palencar's property in West Virginia so as to equalize Palencar's 25% ownership in a foreign state corporation. However, the West Virginia family court had no authority to [and did not] make the type of foreign corporation findings Schlossberg suggests this Court can now make in the West Virginia Court's stead. A long line of cases, progeny of *Fall v. Eastin*, 215 U.S. 1, 54 L.Ed. 65, 30 S.Ct. 3 (1909), espouse the same principal: a divorce court in one state does not have the power to directly affect, by means of its decree or findings, the title to real property situated in another state, even though the property may belong to a party to the divorce. That principal is no different with regard to the lack of power of the West Virginia divorce court to affect the rights of a non-party Wyoming Corporation and its assets.

If Schlossberg is permitted to pierce the corporate veil of TMS so as to deprive its shareholders of their shareholder interest in the corporation [and of their respective interests in the pending claims], than Schlossberg has to take those procedural actions any other

litigant seeking to pierce the veil of a corporation would have to take, such as initiating a third-party complaint and bringing such allegations against all four TMS shareholders [Michael Palencar, Joe Palencar, David Palencar and James Palencar] as individual defendants. Schlossberg has not even asserted an individual claim against Michael Palencar alleging he is an alter-ego of TMS. Permitting Schlossberg to provide opinion testimony as to whether TMS is a valid corporation, without permitting all shareholders an opportunity to respond, is to repeat that which Schlossberg is accused of having done.

More difficult will be resolving those additional legal issues which will arise from Schlossberg's effort to pierce the veil of TMS years later. For example, what state's law does Schlossberg suggest would apply to his attempt to pierce the corporate veil? Is it the law of West Virginia, or is it the law of Wyoming? The law of Wyoming does not permit the disregard of a corporate entity unless the entity "is used to defeat public convenience, justify wrong, protect fraud, or defend crime." *Langdon v. Lutheran Brotherhood*, 625 P.2d 209, 213 (Wyo. 1981), see also *Kaycee Land and Livestock v. Flahive*, 46 P.3d 323 (Wyo. 2002). Does Schlossberg allege that the incorporation of TMS in 1996 was somehow done so as to hide the assets of Michael Palencar in a West Virginia divorce action that would not occur until years later?

For the Court to consider the *corporateness* of TMS would require proper process and opportunity to be heard by the individual shareholders of TMS. In that absence, this

Honorable Court should prohibit Schlossberg from asserting an action to pierce the veil of TMS and should prohibit Schlossberg's presentation of evidence on this issue at trial. Alternatively, and should this Court permit the presentation of evidence on this issue, Schlossberg's evidence should be limited only to that evidence he possessed prior to his seizure of TMS Corporation's assets and information.

Dated this 2nd day of November, 2009.

>ARON and HENNIG, LLP
>Attorneys for Plaintiff
>Teton Millwork Sales
>
>By: __/s/_____
>C. M. Aron, Bar # 5-1417
>Galen B. Woelk, Bar #6-3300

### Certificate of Service

I hereby certify that on October 14, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Amanda Marie Gundlach: agundlach@hirstapplegate.com
Gary R Scott: gscott@hirstapplegate.com

>_____/s/_____
>Galen Woelk
>ARON and HENNIG, LLP
>1472 North Fifth Street, Suite 201
>Laramie, WY  82072
>Telephone: (307) 742-6645
>Fax:  (307) 742-7766